Argued January 9, affirmed January 30, 1975

LASLEY, *Appellant, v.* DORSEY BUS CO. ET AL, *Respondents.*

531 P2d 278

*Robert G. Ringo,* Corvallis, argued the cause for appellant. On the briefs were Ringo, Walton & Eves, Corvallis.

*Malcolm L. Brand,* Salem, argued the cause for respondent Dorsey Bus Co. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

*Asa L. Lewelling,* Salem, argued the cause and filed a brief for respondents Hamlin.

Before McAllister, Presiding Justice, and Denecke, Holman, Tongue and Bryson, Justices.

DENECKE, J.

Plaintiff's 13-year-old daughter, Amy, was killed and plaintiff brought this wrongful death action. Amy had been picking strawberries for defendants Hamlin and they transported her to and from work in a bus. She alighted from the bus and while crossing the street to go home was struck by a Volkswagen driven by defendant Bush. Bush settled before trial. The trial court directed a verdict for the Hamlins and for the defendant Dorsey Bus Co. which leased the bus to the Hamlins. Plaintiff appeals.

Plaintiff charged that the Hamlins were "negligent in that they did allow the decedent to alight from the bus at a time and place when the danger of the decedent attempting to cross the highway was known, or should have been known, to the defendants Hamlin."

Upon the motion of the Hamlins, the trial court struck this charge and plaintiff assigns this ruling as error.

The evidence pertaining to this issue was not in dispute. The bus traveled west on Highway 20 in a suburban area west of the City of Corvallis. Just to the east of the intersection of Highway 20 and 53rd Street the bus pulled completely off the traveled portion of the road and stopped. An amber flashing light hung over the intersection. When the bus stopped, James Hamlin, the driver, activated two yellow flashing lights on the front and rear of the bus. They continued to flash for some time after the child was struck.

Hamlin opened the door and four passengers got off. Just as he was closing the door, Amy, with a friend chasing her, came through the bus, and Hamlin reopened the door. The two children went a short distance into a field to the right of the bus. Hamlin no longer saw her. Hamlin knew the child had to cross Highway 20 to go to her home.

After she left the bus, Hamlin looked in his rear view mirror and saw a Volkswagen bus coming down the gradual slope. Hamlin estimated the distance to the Volkswagen to be about 300 yards. It "was moving right along." Hamlin closed the door, released the brake and looked into his rear view mirror again. The

Volkswagen bus had not slowed down; so Hamlin decided to wait to pull out until the Volkswagen had passed. Just as the Volkswagen was at the rear of the Hamlin bus, Hamlin saw Amy "pop out of the lefthand side of my bus" and start across the highway.

■■ The issue is, was there sufficient evidence for the jury to find that Hamlin was negligent in permitting the child to leave the bus under the circumstances?

Plaintiff relies heavily upon *Ashley v. Ensley*, 44 Wash 2d 74, 265 P2d 829 (1954). That case also involved the discharge of a young strawberry picker from a bus. The bus stopped and discharged the child; the driver waited for her to go in front of the bus and cross the highway. A car came from the rear, "weaving like a snake" and hit the child. The court held that whether the bus was negligent was a question for the jury. The court stated:

> "* * * [B]ut the bus driver waited for her to pass in front of the bus. This was an implied invitation for her to do so. The bus driver had an opportunity of seeing the highway to the rear of the bus for eight hundred seventy-five feet, while Lorene's [plaintiff] view was obstructed by the bus until she got past it. Under these circumstances, we think it was for the jury to determine whether or not the bus driver discharged her duty of care to Lorene." 44 Wash2d at 78-79.

The precise basis for the Washington court's decision is not clear. Regardless of the basis for the Washington decision, we are of the opinion that the usual rules of negligence are applicable. A bus driver disembarking children has a duty to not permit them to alight when, as a reasonably prudent person, the driver should know there is a likelihood of harm. In

the present case we hold that no juror reasonably could have found under the circumstances that there was a likelihood of harm.

The only charge of negligence was allowing the child to alight under the attendant circumstances. If Hamlin had looked to the rear before he let the child out, he may have been able to observe the Volkswagen. Assuming he did, however, he would not have observed any conduct indicating a likelihood of harm to passengers alighting and crossing the highway. There was time for the child to have crossed in safety. There was nothing about the operation of the Volkswagen to indicate it would not observe normal safety precautions when approaching a stopped bus with flashing yellow lights.[1]

■ Plaintiff charged both Hamlin and Dorsey Bus Co., the lessor of the bus, with negligence in failing to connect and render operable flashing red lights on the rear exterior of the bus. The trial court struck this charge.

The bus furnished by Dorsey Bus Co. had been equipped and used as a school bus. ORS 485.050 provides that the Department of Education shall adopt standards for school bus construction and equipment. The regulations adopted provided that school buses would have two flashing red lights at the front and two at the rear. Admin. Rules for Oregon Education, Rule 53-515. ORS 485.020 provides that these lights shall be activated only when the school bus is stopping to load or unload school children. The statute also pro-

---

[1] Our holding on this assignment of error also decides plaintiff's assignment of error that the trial court erred in denying plaintiff's motion to amend her complaint.

vides that motorists approaching or overtaking school buses with the red lights flashing shall stop.

ORS 485.340 provides that the Motor Vehicles Division shall promulgate a safety code for the operation and equipment of worker transport buses. This bus furnished by Dorsey Bus Co. to Hamlin is a worker transport bus. The safety regulations for worker transport buses effective on the date of the accident, July 8, 1971, provided:

> "It is a definite asset to passenger safety if vehicles identifiable as school buses are used for no other purposes. For this reason, whenever a school bus is placed in any service other than the actual transportation of children to and from school or authorized activities, the word 'school bus,' the stop signal arm and the four red flashing warning lamps on top of the bus shall be covered or concealed and the stop signal arm and the warning lamps shall be made inoperative." Safety Code for Motor Vehicle Transportation of Workers, ch 2, p 7, Reg 2.2 (1960).

On March 15, 1971, the Motor Vehicles Division sent out a reminder to bus operators and owners that it was important to safety to cover the red warning lights on school buses being used as worker transport buses. Dorsey Bus Co. deactivated the flashing red lights on the bus before delivering it to Hamlin.

The Oregon Legislature enacted amendments, effective June 29, 1971, to the laws concerning worker transport buses. Oregon Laws 1971, ch 607. Section 3 of this Act amended ORS 483.362 which had prohibited vehicles from parking on the highway. The amendment provided the prohibition did not apply to "(d) A worker transport bus, as defined in subsection (5) of ORS 485.010, which is operating a flashing red warning light * * *."

Section 5 of ch 607 amended the definitions section of ORS 485.010 by adding:

"(5) 'Worker transport bus' means a motor vehicle that:

"(a) Is equipped with a flashing red warning light;

"(b) Is furnished by an employer as defined in subsection (2) of ORS 485.310;

"(c) Has a seating capacity of 12 or more passengers;

"(d) Is transporting one or more workers, as defined in subsection (7) of ORS 485.310, to and from their places of employment, as defined in subsection (5) of ORS 485.310; and

"(e) Is subject to the provisions of ORS 485.-310 to 485.420." 1 Oregon Laws 1971, ch 607, p 1117.②

Section 6 amended ORS 485.020 to provide that drivers meeting or overtaking buses (including worker transport buses) shall stop when the flashing red warning lights on the bus are operating.

As a result of these amendments, on July 14, 1971, after the accident, the appropriate agency issued regulations providing:

"1. Any vehicle that is used for the transportation of workers, that is also used as a school bus, shall have the words 'school bus' covered. However, these vehicles used for worker transportation may use the stop signal and flashing red warning lamps, in accordance with Regulations A and B attached to this order.

"2. If a worker bus is stopped for the purpose of discharging or taking on workers, it should be driven to the far right side of the road. If it is

---

② Section 4 of ch 607, Oregon Laws 1971, amended ORS 483.-432; however, we construe this amendment as not applicable to the flashing red signals on the rear of a bus.

equipped with flashing red lights, they should be used. If the worker transportation bus is not equipped with flashing red lights, it should be driven completely off the highway when discharging or taking on passengers." Regulations 1 and 2, Department of Commerce Findings and Order.

Plaintiff contends that on the date of the accident, "The effect of Chapter 607 was to authorize, among other things, the use of flashing red lights on the rear of the worker transport buses." Plaintiff contends that a jury could decide that a reasonably prudent bus lessor or operator would have made operable the flashing red signals on the bus. She does not contend that the statute required the defendants to have flashing red signals or that the failure to have such signals is negligence per se.

We agree that the 1971 amendments authorized a worker transport bus to be equipped with operable red flashing signals. However, we hold as a matter of law that defendants' failure to be so equipped was not negligence.

ORS 485.340 provides that safety requirements for worker transport buses be promulgated. On the date of the accident these safety requirements provided that any flashing red warning signals on worker transport buses must be covered and deactivated. Violation of these safety requirements is a misdemeanor. ORS 485.990. The 1971 amendments permitted the agency making the safety regulations to change the regulations and, at least, permit, if not require, such signals. On the date of the accident, however, the code had not been changed and the applicable law, the safety regulations, prohibited the use of such signals.

Affirmed.