On appellant's amended motion for transcript and order filed September 21, motion for transcript allowed December 7, 1983

## STATE OF OREGON,
*Respondent,*

*v.*

## LOUIS DALE BONNER,
*Appellant.*

## (74-5097; CA A28425)

672 P2d 1333

Helen I. Bloch, Salem, for appellant.

Before Joseph, Chief Judge, Warden, Presiding Judge, and Young, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant was convicted of a felony in Lane County Circuit Court. He was represented by private counsel, who filed a notice of appeal and designation of record. On a showing that defendant is indigent, private counsel was permitted to withdraw, and the Public Defender was appointed to represent him on appeal. The Public Defender filed an amended designation of record to include:

"1.   All of the testimony and exhibits offered and/or received in evidence at the jury trial.

"2.   All objections, rulings and colloquy of counsel at trial.

"3.   The instructions by the court, defendant's requested instructions and any exceptions taken thereto."

In support of a motion to be furnished a transcript for the purpose of appeal, counsel made certain representations to the court that are set out in the margin.[1] The motion was denied. Defendant has moved in this court, pursuant to ORAP 6.15,[2] for an order that the transcript be furnished.

In *State v. Montgomery,* 58 Or App 630, 650 P2d 111 (1982), the defendant had appealed from his conviction for burglary and had assigned as error *only* the trial court's denial

---

[1]   "1. * * *

"2.  That [original appellate counsel] filed the original notice of appeal with this court. That [original appellate counsel] informed me that he designated the entire record because he was not defendant's attorney at trial and because defendant's trial occurred in 1975.

"3.  That I have spoken to * * * defendant's trial counsel. [Trial counsel] does not have a good recollection of the trial. [Trial counsel] informed me however, that to the best of his knowledge, the above designated portions of the transcript are necessary for defendant's pursuit of his right to appeal. In particular, at trial, exceptions were made to the instructions given by the court. [Trial counsel] informed me that this is a meritorious grounds [sic] for appeal.

"4.  That I have spoken to [former appellate counsel], and he also believes that after another examination of the trial file, that the above designated portions of the transcript are necessary to defendant's appeal.

"That based upon my conversations with defendant's trial attorneys, I believe it is necessary to review the portions designated; and that they are necessary to determine if an error was committed during defendant's trial."

[2] ORAP 6.15 provides:

"The appellate court, on motion of a party or on its own motion, may order that any thing already in the record in the trial court prior to the entry of the judgment appealed from, whether or not designated as part of the record in the notice of appeal, be transmitted to it, or that portions of the oral proceedings be transcribed, certified and transmitted to it."

of a transcript for the purpose of the appeal sought pursuant to ORS 138.500(2). We affirmed the judgment after analyzing the relevant statutes and concluding that an order denying a transcript after the filing of the notice of appeal is separately appealable under ORS 19.010(2)(c) but cannot be challenged on an appeal from a judgment of conviction under ORS 138.020. On review the Supreme Court remanded the matter to this court, saying:

> "A motion under ORAP 6.15 strikes us as as being appropriate to the situation, a simple and unburdensome way of proceeding." *State v. Montgomery,* 294 Or 417, 424, 657 P2d 668 (1983).

The only precondition stated by the Supreme Court for our acting under the rule is that the defendant have moved unsuccessfully for a transcript in the trial court pursuant to ORS 138.500(2). Nonetheless, the matter is not quite so simple (or "unburdensome"). Aside from the observation that it is not a little surprising that ORAP 6.15 turns out to be a means for this court to *review* the action of a trial court that is *not* subject to appeal under the analysis in the Supreme Court's *Montgomery* decision (*see* 294 Or at 420-424), it needs to be recognized that the decision to furnish or deny a transcript for appeal is still primarily trial court work — and *not* appellate work.

ORS 13.500(2) provides that an indigent criminal defendant who has filed a notice of appeal may request a transcript to be provided at public expense. The trial court shall order "furnished to such person *such portion of the transcript as may be material to the decision on appeal, if the * * * court finds that such * * * is necessary * * *." (Emphasis supplied.) SER Acocella v. Allen,* 288 Or 175, 604 P2d 391 (1979), was an attempt to deal with the problem that a trial judge has in determining if a transcript is necessary and what *portion* is necessary. Unfortunately, the Supreme Court did not set out anything resembling specific guidelines to be followed. It did say, however, that appellate counsel may be required to provide "information the judge must have in order to determine what portions of the transcript are 'necessary' and 'material' to the contentions on appeal." 288 Or at 187.

An appellant must somehow indicate to the trial judge intended or possible contentions on appeal, under *Acocella,* whether or not the notice of appeal contains a

statement of points. In effect, according to *Acocella,* the trial court may ask for a statement, in affidavit form, of points on which the appellant intends to rely in order for the judge to be able to make a review of necessity and materiality. An appellant must make a showing, at least in a summary way, that appropriate objections were made to a specific trial court ruling on objections to evidence or testimony and jury instructions given or refused and similar rulings which may possibly be assigned as errors on appeal. It is not the function of trial counsel, appellate counsel *or the trial court* at that point to determine the potential *merit* of suggested assignments of error. *SER Acocella v. Allen, supra,* 288 Or at 185. That can only be done after the transcript has been furnished and reviewed as part of the appellate process by appellate counsel, not as part of the transcript process.

The Catch 22 aspect of this problem is obvious: appellate counsel (especially counsel newly appointed for the appeal) cannot reasonably be called on to assert in a motion to be furnished a free transcript every point that review of the transcript might disclose. Matters of "plain error" aside, it is not strikingly reasonable to impose a "remember or waive" rule on trial counsel, and it is patently unreasonable to limit new counsel in any such way.[3] *Acocella* does impose on appellate counsel who did not try the case a duty to make contact with trial counsel and on trial counsel to make himself or herself available to and cooperate with appellate counsel. 288 Or at 187. That cooperation is especially critical, because the state Public Defender represents 80 percent or more of convicted felons on appeal.

There are a few generalizations that can be drawn from *Acocella* and *Montgomery:*

1. Appellate counsel's affidavit in support of a transcript motion must reflect contact with trial counsel and, in reasonable detail, trial counsel's efforts to assist, including trial counsel's recollections of specific trial court rulings on objections, jury instructions given or requested and pretrial motions and rulings. The trial court ought not subject that affidavit to extraordinary scrutiny.

---

[3] It should go without saying that to permit the trial judge to use the court's memory or notes alone as a basis for allowing or denying a transcript would tend to mute Gideon's Trumpet intolerably.

■ 2. If a motion for judgment of acquittal was made, and denial of that motion is to be a claimed error, a transcript must be provided for the entire evidentiary portion of the trial.

■ 3. If the appeal is only to be or will include a challenge to the sentence imposed, a full transcript of the evidentiary portions of the trial must be provided, as well as testimony presented on pretrial motions, if requested and if those matters were considered by the same judge who heard the trial.

■ 4. Appellate counsel is, in the absence of any evidence to the contrary, entitled to a presumption that representations of reasons for needing the transcript are made honestly and in good faith.

■ The key to the transcript problem lies in the Supreme Court's treatment of a very similar problem in *Mayer v. City of Chicago,* 404 US 189, 92 S Ct 410, 30 L Ed 2d 372 (1971). In that case the Court used the term "colorable need" to identify the appellant's burden in obtaining a transcript. The four generalizations stated above encompass what should be deemed to be a showing of "colorable need." Once that need is shown by the appellant, under *Mayer* the burden shifts to the prosecution to overcome that showing. 404 US at 195. Two things are accomplished by that: first, by establishing an adversary context in which trial judges must make a ruling, it tends to give a fair basis for the exercise of the judgment that ORS 138.500(2) says the trial court must make; and, second, if the trial court denies a transcript after that proceeding, a record will come to us on a subsequent application under ORAP 6.15 that will furnish an independent basis for our judgment. Of course any hearing on the motion must be reported and transcribed, and the transcript shall be made available without cost to the appellant for use in this court.

■ In this instance, appellant's counsel made the requisite showing of "colorable need," which showing was unrebutted. Therefore, the trial court should have granted the motion. Pursuant to ORAP 6.15, we order that the transcript requested by appellant be furnished.

Motion for transcript allowed pursuant to ORAP 6.15.