Argued and submitted February 26, affirmed May 12, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## DANIEL JOSEPH BECKER,
*Appellant.*

(CF91-345; CA A72459)

851 P2d 1150

Mary M. Reese, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Youlee Yim You, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

PER CURIAM

## PER CURIAM

Defendant pled guilty to assault in the first degree, ORS 163.185, assault in the second degree, ORS 163.175, and burglary in the first degree, ORS 164.225, pursuant to an agreement in which the state dismissed a charge of attempted murder. ORS 161.405; ORS 163.115. Defendant makes two challenges to the sentences imposed. On the assault in the second degree charge, he argues that the crime seriousness level was 8 and that the court sentenced him at level 9. On the consecutive sentences imposed, he argues that the court failed to comply with OAR 253-12-020 by not imposing sentence according to criminal history column I.

Defendant asks that we review his claims as errors of law apparent on the face of the record under ORS 138.222(4). In *State v. Adams*, 315 Or 359, 847 P2d 397 (1993), the Supreme Court held that a sentence resulting from an agreement between a defendant and the state is not reviewable on appeal. In the Petition to Enter Plea of Guilty here, defendant stipulated to "categories H, 10, 9, 9, for [an] approximate sentence of 98-103 months." Defendant's sentence here is 101 months, within his agreement. ORS 138.222 precludes review of his sentence resulting from the plea agreement. *State v. Johnston*, 120 Or App 165, 851 P2d 1156 (1993).

Affirmed.