## STEVEN M. PERKINS,
*Appellant,*

*v.*

## Veral E. TARNO,
Sheriff, Coos County,
*Respondent.*

(93CV0184, 92CV1095;
CA A79791 (Control), A79792)

901 P2d 953

David W. Knofler argued the cause for appellant. With him on the brief was Multnomah Defenders, Inc.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and R. Victoria Roe, Assistant Attorney General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Petitioner appeals from a judgment dismissing his petition for post-conviction relief. We affirm.

Petitioner was convicted of assault in the fourth degree, menacing, driving under the influence, carrying a dangerous weapon with the intent to use it, felon in possession of a firearm and unauthorized use of a motor vehicle. The charges arose from a September 18, 1991, incident of domestic violence involving petitioner and his wife. Petitioner did not appeal.

Petitioner sought post-conviction relief alleging inadequate assistance of counsel. Counsel was appointed, and he filed an amended petition and a motion requesting a transcript of petitioner's trial and the sentencing hearing. Respondent did not oppose the motion. The post-conviction court ordered a transcript of the sentencing, but denied the remainder of petitioner's motion on the ground that the petition was "insufficient to allow further transcript." After trial, the court denied petitioner relief. Petitioner then moved for reconsideration, and the court denied the motion.

In his first assignment, petitioner argues that the court abused its discretion when it denied his request for a trial transcript.[1] ORS 138.590(5) provides, in part:

"When a petitioner has been ordered to proceed as an indigent person, the expenses which are necessary for the proceedings upon the petition in the circuit court and the compensation to appointed counsel for petitioner as provided in this subsection shall be paid by the state from funds available for the purpose."

The purpose of the statute is to grant an indigent petitioner the necessary expenses for the proceeding. Jack G. Collins & Carl R. Neil, *The Oregon Postconviction-Hearing Act*, 39 Or L Rev 337, 351-52 (1960). One expense is for transcripts of the

---

[1] *State v. Montgomery*, 294 Or 417, 657 P2d 668 (1983), holds that a defendant may have intermediate review of an order denying a request for a transcript under what is now ORAP 3.05(5). We do not conclude from that that petitioner here had to bring a separate appeal, even though "[t]he manner of taking the appeal [from a post-conviction judgment] and the scope of review * * * shall be the same as that provided by law for appeals in criminal actions[.]" ORS 138.650. We also specifically do not decide whether an intermediate review is also available in a post-conviction proceeding.

conviction proceedings, *id.*, which may be used to show the events occurring at the trial. ORS 138.630.

Neither party cites Oregon case law regarding the standards to apply in determining when to order a transcript at state's expense for a post-conviction proceeding. Petitioner argues that the post-conviction court's exercise of discretion in ordering a transcript is subject to an indigent person's federal constitutional rights. He contends that he showed that there were issues in the post-conviction proceeding that could only be resolved with a trial transcript, and that that shows a "colorable need" for a complete transcript. He contends that, absent any objection to the motion from respondent, he had an absolute right to the production of the transcript, and that denial of the transcript violated his constitutional rights to due process and equal protection. *State ex rel Acocella v. Allen,* 288 Or 175, 604 P2d 391 (1979); *Mayer v. City of Chicago,* 404 US 189, 92 S Ct 410, 30 L Ed 2d 372 (1971).

■ Respondent's position is that petitioner's right to a transcript is subject to the same showing required under ORS 138.500(3)[2] (formerly numbered ORS 138.500(2)), as construed in *Acocella* and *State v. Bonner,* 66 Or App 1, 4-5, 672 P2d 1333 (1983). Those cases considered constitutional implications in determining what an indigent defendant must show to obtain a transcript for purposes of a direct appeal. Only those portions of the transcript that are "necessary" and "material" to a defendant's assignments of error must be provided. *Acocella,* 288 Or at 183. Identification of possible error is a joint effort between appellate counsel and trial counsel:

> "[A]ppellate counsel (especially counsel newly appointed for the appeal) cannot reasonably be called on to assert in a motion to be furnished a free transcript every point that review of the transcript might disclose. Matters of 'plain error' aside, it is not strikingly reasonable to impose a 'remember or waive' rule on trial counsel, and it is patently unreasonable to limit new counsel in any such way. *Acocella* does not impose on appellate counsel who did not try the case

---

[2] ORS 138.500(3) requires a trial court to order, for an appeal, "such portion of the transcript as may be material to the decision on appeal, if the [trial] court finds that such transcript or portion thereof is necessary * * *."

a duty to make contact with trial counsel and on trial counsel to make himself or herself available to and cooperate with appellate counsel. * * *

"Appellate counsel's affidavit in support of a transcript motion must reflect contact with trial counsel and, in reasonable detail, trial counsel's efforts to assist, including trial counsel's recollections of specific trial court rulings on objections, jury instructions given or requested and pretrial motions and rulings." *Bonner*, 66 Or App at 4-5 (footnote omitted).

■     However, a post-conviction proceeding is not intended to provide a second appeal, *Delaney v. Gladden*, 232 Or 306, 308, 374 P2d 746 (1962), and post-conviction counsel has different obligations in pursuing a post-conviction claim than appellate counsel has in pursuing a direct appeal. As we explained in *McClure v. Maass*, 110 Or App 119, 123-24, 821 P2d 1105 (1991), *rev den* 313 Or 74 (1992):

"*Church* [*v. Gladden*, 244 Or 308, 311, 417 P2d 993 (1966)] establishes that a post-conviction petitioner has the responsibility to see that all issues that he wants raised in the post-conviction proceeding are brought to the court's attention. * * *

"* * * * *

"Obviously appointed counsel may seek to amend the petition to allege petitioner's claims more artfully or to include additional meritorious issues that the petitioner did not discover. However, once appointed, post-conviction counsel is not obligated to scour the record to unearth every conceivable challenge to the lawfulness of the petitioner's conviction or sentence. The responsibility for discerning and selecting the issues for litigation rests with the petitioner."

■     The interests of trial counsel and appellate counsel in a direct appeal are identical: to identify prejudicial error in a defendant's conviction. That identity of purpose does not necessarily exist in a post-conviction proceeding where the allegation is ineffective assistance of counsel for failure to do certain things at trial. An error committed by a trial court is not the same as counsel's error in representing a client at trial.

Accordingly, we conclude that an affidavit in support of a request for a transcript in a post-conviction proceeding

need not necessarily contain information provided by trial counsel. Information as to error committed by trial counsel can be obtained from the petitioner or, possibly, from the trial judge. Whatever the source, however, the affidavit must provide the post-conviction court with information beyond a general allegation that error might have been committed at trial. Under *Acocella*, generalities do not establish a "colorable need" for a transcript for an indigent defendant on appeal. Petitioner does not contend, and we do not so conclude, that the obligation of the state to furnish a free transcript for a post-conviction proceeding is any greater than the obligation owed to an indigent defendant on appeal. Just as in assessing a request for a transcript on appeal, a court must have sufficient information from which to review what is necessary and material to a post-conviction proceeding. *Acocella*, 288 Or at 183; *Bonner*, 66 Or App at 4.

■ We agree with the state that petitioner's motion failed to provide sufficient information here. The allegations of the amended petition that relate to matters occurring at trial were that trial counsel failed to subpoena named "material, corroborating, and impeachment witnesses" and to make timely objections and motions during trial "the specifics of which will be known once the trial transcript is available for review." As relevant, counsel's affidavit stated:

> "I was appointed to represent petitioner on December 11, 1992. I went to jail and met with petitioner. The next day I spoke to [trial counsel] for petitioner. We set up an appointment to go over the case. He was unable to make the appointment. I set up another time on 12/22/92 to see him. I went to the Public Defenders office in Coos Bay. [Trial counsel] was not there; he had been called to Coquille. I was out of town until 12/29/92. On 12/30/92 I spoke to Nancy Cook regarding this case. I have yet to talk to [counsel who] did the sentencing.

> "I have been able to determine that there is evidence of ineffective assistance of counsel. [Trial counsel] has admitted to me that he did not subpoena vital witnesses for the trial. I need to look at the trial transcripts to see if he made appropriate motions for acquittal after the State's case. There is evidence that the state's witness on the UUMV said petitioner had permission. It is possible that [sentencing counsel] did not object to the sentence as excessive. I need the sentencing transcript to review this."

The affidavit, considered with the amended petition, does not provide any details that showed the trial court that petitioner required a transcript of the complete trial. Petitioner's generalized claim that witnesses are "material" or "vital" does not show how those witnesses related to what occurred at trial. The same is true for petitioner's claim of a need for the entire transcript in order to see what motions were made. Although precise details from the trial cannot be expected, neither the affidavit nor the petition show any error that petitioner contends occurred.

In short, petitioner's conclusory assertions that there were material witnesses who were not subpoenaed or motions that might not have been made do no more than identify areas where error often arises. More is required before the state must pay for an entire trial transcript. The trial court did not abuse its discretion is denying petitioner's motion.

■ Petitioner also assigns error to the court's denial of his motion after trial to reconsider its findings. That motion was based on the "repeated references [in the written opinion] to the lack of a trial transcript to compare and evaluate the offered testimony in the hearing * * *." We find no error. Before trial, petitioner failed to make the necessary showing of the need for a complete transcript. Any failure of proof at trial that might be attributed to the lack of transcript does not remedy petitioner's previous inadequate showing.

■ Petitioner's remaining assignment is that the court erred in holding that trial counsel's failure to subpoena certain witnesses did not rise to a constitutional level of ineffective assistance of counsel. We determine whether the facts that the post-conviction court found are supported by the record and whether its legal conclusion is correct. *Yeager v. Maass*, 93 Or App 561, 564, 763 P2d 184 (1988), *rev den* 307 Or 340 (1989). There is evidence to support the findings, and we agree with the court that that evidence does not show that trial counsel's failure was ineffective assistance. *See Myers v. Cupp*, 49 Or App 691, 698, 621 P2d 579 (1980), *rev den* 290 Or 491 (1981) (counsel's failure to contact potential witnesses was not so unreasonable as to amount to incompetence).

Affirmed.