On appellant's motion for preparation of transcript at state expense filed September 1, 1995, motion denied March 27, petition for review denied July 23, 1996
(323 Or 691)

## STATE OF OREGON,
*Respondent,*

*v.*

## TERRY SCOTT RICHTER,
*Appellant.*

## (95CR0718; CA A89416)

914 P2d 703

Peter Gartlan, Deputy Public Defender, for motion.

No appearance *contra*.

Before Landau, Presiding Judge, Richardson, Chief Judge, and Haselton, Judge.

RICHARDSON, C. J.

Haselton, J., concurring.

## RICHARDSON, C. J.

Defendant appeals his conviction for delivery of a controlled substance. The issue is whether he is entitled to a transcript of the trial court proceedings at state expense. ORS 138.500(3).

Defendant pled guilty to the charge and other charges were dismissed. The trial court imposed a presumptive sentence within the range of the appropriate grid block of the sentencing guidelines. After sentencing, defendant moved in the trial court for appointment of counsel for an appeal and a transcript at state expense. He submitted an affidavit of indigence. The trial court denied both motions.

Defendant then moved in this court, apparently pursuant to ORAP 3.05(5), *see State v. Montgomery*, 294 Or 417, 657 P2d 668 (1983),[1] for court-appointed counsel and a transcript at state expense. We appointed the Public Defender, ORS 138.500(1), but denied the motion for a transcript "with leave to renew upon showing that a transcript is necessary."

The Public Defender renewed the motion and said:

"The face of the judgment appears legally valid. Trial counsel has been contacted, but he does not identify a meritorious basis for appeal.

"There may be no meritorious issues for appeal, but without a transcript, an appellate attorney can not confidently or professionally make that determination. Without a transcript, an appellate attorney can not even file Part A of a [*State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991)] brief (see, ORAP 5.90), one of the more minimum services an appellate attorney can provide a client."

In *State v. Bonner*, 66 Or App 1, 672 P2d 1333 (1983), we discussed the process of reviewing a trial court's decision denying a motion for a transcript at state expense under *former* ORS 138.500(2).[2] We held that the decision was for

---

[1] *Montgomery* held that the trial court's decision on the motion for transcript could be reviewed through a motion to supplement the record under *former* ORAP 6.15. That rule is now renumbered ORAP 3.05(5).

[2] The 1989 legislature renumbered ORS 138.500(2) as ORS 138.500(3). Or Laws 1989, ch 1053, § 6. The 1995 legislature amended ORS 138.500(3);

the trial court to make and that we reviewed that decision under the process explained in *Montgomery* to determine if the trial court correctly concluded that the requested transcript was not "material to the decision on appeal" and was therefore not necessary. ORS 138.500(3)(b).

The statutory requirement that the defendant show that the requested transcript is "material and necessary" is constitutional. *SER Acocella v. Allen*, 288 Or 175, 604 P2d 391 (1979). In *Acocella*, the court rejected the argument that, "where new counsel has been appointed to represent an indigent defendant on appeal the defendant has a federal constitutional right to a transcript at government expense, without any showing of need or merit." *Id.* at 183. The court held that Oregon law on this subject is essentially controlled by federal court decisions, principally *Mayer v. City of Chicago*, 404 US 189, 92 S Ct 410, 30 L Ed 2d 372 (1971), and *Draper v. Washington*, 372 US 487, 83 S Ct 774, 9 L Ed 2d 899 (1963). From these precedents, the Oregon Supreme Court concluded that the due process and equal protection clauses of the Fourteenth Amendment do not mandate an unconditional entitlement to a free transcript:

"These cases establish that [the state] need not waste public funds by reproducing portions of a transcript which have no relevance to the contentions on appeal. The right to withhold an irrelevant segment necessarily implies the right to screen transcript requests for materiality." *Acocella*, 288 Or at 190.

The screening process required by ORS 138.500(3) should not be applied with undue rigor.

"[O]nce the appellant makes out a 'colorable need' for a complete transcript, the burden shifts to the state to show that only a portion, or some alternative means of presenting the record to the appellate court, will suffice for an effective appeal. The same rule would apply, of course, where the appellant requests less than a complete transcript.

"The Supreme Court did not say what it meant by a 'colorable need.' In scrutinizing transcript requests, however,

---

however, these amendments do not affect our analysis in this case. Or Laws 1995, ch 117, § 2.

the courts must bear in mind the difficulty of trying to recall all of the potential grounds for appeal from a judgment rendered weeks or months ago, to specify where in the proceedings the errors occurred, and to present that information to the court, all without the benefit of a transcript. As we noted above, the problem is even more severe when new counsel is appointed to handle the appeal. Under these circumstances the court cannot expect counsel to quote the exact language of an allegedly prejudicial remark, or to locate an error in the record with pinpoint precision. Only if the court processes transcript applications with a tolerant appreciation for the task confronting appellate counsel can the relators be assured the same opportunity for appellate review as the defendant with resources to buy a transcript." *Id.* at 190. (Citation omitted.)

The court recognized that the task confronting new appellate counsel may be more difficult. In such instances, newly appointed appellate counsel may consult with trial counsel, interview the defendant and review the documentary record. Trial counsel has an obligation to assist in the preparation of the designation of the record required by ORS 19.029(1)(d), the " 'statement of points' where required by ORS 19.029 (1)(e), and, where requested by the court, a statement explaining the necessity for a transcript or portions thereof." *Id.* at 187. In short, even for new appellate counsel, the standards for obtaining a transcript at state expense in the light of the available resources are not an unreasonable burden.

In *Bonner*, we amplified *Acocella*'s "colorable need" requirement and held that counsel must somehow indicate an intended or possible contention to be made on appeal, by means of an affidavit or a statement of counsel as an officer of the court. Such submissions of counsel will be taken at face value and will not be subjected to extraordinary scrutiny. Neither the trial court nor appellate counsel need address the merits of the issues or the probability of success on appeal. What is needed is the identification of issues that are reasonably cognizable on appeal that appellate counsel needs to investigate through a transcript. In *Bonner*, we derived four guiding principles for addressing "colorable need" that we will not repeat here.

The necessary showing is somewhat situational and depends on the circumstances of the proceedings in the trial

court. For example, a lengthy, complex jury trial involving multiple charges and pretrial motions may be presumed to provoke a number of potential issues for appeal and a transcript of the entire proceeding is necessary. It should be relatively simple in that situation for appellate counsel to identify a number of possible contentions for appeal.

■ Near the other end of the continuum is a case such as this one where the defendant has pled guilty to one charge and been sentenced to a presumptive sentence pursuant to the sentencing guidelines. Under ORS 138.050, if a defendant pleads guilty, the only issue the appellate court is authorized to consider is whether the sentence exceeds the maximum allowed by law or is unconstitutionally cruel and unusual. In addition, if the defendant is sentenced under the sentencing guidelines, ORS 138.222(2) provides that the "appellate court shall not review":

> "(a)   Any sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission."

Consequently, under those two provisions, the cognizable issues on appeal are very limited and, correspondingly, appellate counsel's window of opportunity to identify a contention for appeal is small. It should not be difficult, after review of the trial court file and consultation with defendant and trial counsel, to determine if *any* possible issue remains for appeal. If, under those circumstances, appellate counsel cannot suggest a reasonably cognizable contention to raise on appeal, then there is no necessity for a transcript at state expense under ORS 138.500(3).

Here, counsel's presentation establishes only that there probably are no issues for review. There is no suggestion of any possible contentions that could be raised on appeal. That is not sufficient. The trial court correctly denied a transcript at state expense under the statute.

Appellate counsel also suggests, without much elaboration, that, in addition to the statutory right to a transcript, he must have a transcript to represent defendant adequately and to meet his responsibility as counsel under *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). Implied in that

argument is that appellate counsel is required by the process mandated in *Balfour* to review a transcript in order to decide if there are meritorious issues to raise. The apparent authority for that contention is that, in order for counsel to provide constitutionally adequate representation, appellate counsel must have a transcript.

*Balfour* did not address the adequacy of representation to which a defendant is entitled under the federal or state constitutions. That case discussed whether appellate counsel has an ethical responsibility to withdraw if counsel determines that there are no meritorious issues to present on appeal. The court in *Balfour* held that counsel need not withdraw and, therefore, need not file a brief consistent with *Anders v. California*, 386 US 738, 87 S Ct 1396, 18 L Ed 2d 493 (1967). The court designed a process in *Balfour* that it held "will assure an indigent appellant that requisite equality both of representation by counsel and access to appellate review that will satisfy the due process and equal protection concerns raised" by *Anders*. *Balfour*, 311 Or at 451.

The process outlined in *Balfour* is not a roadmap for constitutionally *adequate* representation of the indigent defendant. The Supreme Court noted in *Balfour* that the availability of a separate post-conviction proceeding, where the defendant may challenge the constitutional adequacy of the representation, is an effective and sufficient means of safeguarding the defendant's right to adequate assistance of counsel on appeal. In other words, even if counsel follows exactly the *Balfour* procedure, the determination that there are no nonfrivolous issues for appeal may still be the product of an incorrect exercise of professional skill and judgment. The *Balfour* procedure was designed to ensure representation; whether it is constitutionally adequate is left to another procedure.

The same holds true for appellate counsel's initial task of designating and securing a transcript for the indigent defendant. The statutory requirement, ORS 138.500(3), that counsel make a showing of some possible contention for appeal that requires a transcript to assess, satisfies the constitutional dictates of due process and equal protection. Those constitutional principles are the basis for requiring the

state to provide a transcript at public expense for an indigent defendant. The right to counsel under either constitution does not include the right to a transcript at state expense. If appellate counsel is unable, after exercising professional skill and judgment, to designate some possible contention, cognizable on appeal, then counsel can satisfy the requirements of *Balfour* by filing a section A brief, noting that there are no cognizable issues for appeal. The defendant may, if he wishes, after proper consultation with counsel, file a section B brief. As with the assessment by counsel that there are no meritorious issues to argue, the determination that there are no possible issues for appeal to justify a transcript may be subject to scrutiny in a post-conviction proceeding to determine whether counsel's professional judgment was correct. The possibility that a defendant may be successful in a post-conviction proceeding does not justify ignoring ORS 138.500(3) which requires that appellate counsel justify a transcript at public expense. Neither *Balfour* nor the right to counsel in either constitution require a transcript at public expense as a matter of law.

Defendant has not made a sufficient showing under ORS 138.500(3) that any transcript is necessary.

Motion denied.

**HASELTON, J.,** concurring.

I write separately to address an ostensible anomaly in the majority opinion. As I read that opinion, 140 Or App at 8, it suggests that: (1) in some cases, appellate counsel will have to perform their *Balfour* function without the benefit of a transcript; but (2) counsels' *Balfour* review and certification can, nevertheless, be the subject of post-conviction relief. If I were an appellate public defender, I might well feel "whipsawed."[1]

Literal readings notwithstanding, my understanding of the majority opinion and its practical implications is considerably more benign. Here, as in every other aspect of

---

[1] Other idioms might also come to mind: "Heads I win; tails you lose." "Now you see it, now you don't."

criminal representation, the standard of care is one of reasonable, professional representation. *See Krummacher v. Gierloff*, 290 Or 867, 872, 627 P2d 458 (1981). *Acocella* and *Bonner* particularly circumscribe the standard of care. So long as appellate counsel consult the sources identified in those cases—*i.e.*, trial counsel, their clients, and the documentary record—and assess the information thus obtained with reasonable professional skill, they need not fear post-conviction "whipsawing," either with respect to the failure to obtain a transcript or their ultimate *Balfour* certification.