Argued and submitted February 26, appeal dismissed; reversed and remanded on cross-appeal June 13, 2001

# LAVOY CARL BLACKLEDGE,
*Appellant - Cross-Respondent,*

*v.*

# Mitch MORROW,
## Superintendent,
## Oregon State Correctional Institution,
*Respondent - Cross-Appellant.*

## (99C-10873; CA A109709)

26 P3d 851

Thomas E. Price filed the brief for appellant - cross-respondent.

Timothy A. Slywester, Assistant Attorney General, argued the cause for respondent - cross-appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Haselton, Presiding Judge, and Wollheim, Judge, and Van Hoomissen, Senior Judge.

HASELTON, P. J.

Van Hoomissen, S. J., dissenting.

**HASELTON, P. J.**

Petitioner appeals, assigning error to the denial of the form of relief he sought in his petition for post-conviction relief. He asserts that the post-conviction court properly concluded that he was entitled to post-conviction relief on the ground that he received inadequate assistance of appellate counsel in a criminal proceeding, in which he was convicted of attempted first-degree sexual abuse after a plea of no contest, but that the court erred in concluding that the relief to which he was entitled was to have the plea bargain and conviction set aside and to revive the prosecution. Defendant cross-appeals, arguing that the trial court erred in concluding that petitioner's appellate counsel in his criminal appeal provided constitutionally inadequate assistance. As explained below, we reverse on cross-appeal, and consequently dismiss petitioner's appeal.

Petitioner initiated this post-conviction proceeding pursuant to ORS 138.510 *et seq.*, asserting that his sentence for attempted first-degree sexual abuse should be set aside because the 65-month prison sentence to which he stipulated pursuant to a plea bargain was unlawful, as it exceeded both the maximum guidelines departure sentence for the crime and the 60-month maximum indeterminate sentence for a Class C felony provided by ORS 161.605. Petitioner argued that the sentence imposed was "in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted[.]" ORS 138.530(1)(c). Petitioner also argued that he received constitutionally inadequate assistance of both trial and appellate counsel because both failed to raise any issues regarding the lawfulness of his sentence. *See* ORS 138.530(1)(a), (c) (providing post-conviction relief for denial of constitutional rights).

The post-conviction court agreed with petitioner that the sentence to which he had stipulated exceeded that permitted by law. The court further found that petitioner received adequate assistance of trial counsel, but that he received inadequate assistance of appellate counsel because the "error in sentencing petitioner was apparent on the face of the record and appellate counsel could have attempted to

raise the issue on appeal." In light of that conclusion, the court vacated petitioner's plea, conviction and sentence, and remanded the case to the Multnomah County Circuit Court for proceedings under the original indictment.

■ As noted, both parties appeal the post-conviction court's decision. We turn first to defendant's cross-appeal because, if defendant is correct that petitioner was not entitled to post-conviction relief, that would obviate the need to address petitioner's argument concerning the remedy that the trial court granted. On appeal, defendant argues that the trial court erred in concluding that petitioner's appellate counsel provided constitutionally inadequate assistance. To evaluate defendant's argument, we must discuss in some detail appellate counsel's handling of the case. It appears from the record that appellate counsel filed a notice of appeal and requested a transcript for appellate review. The trial judge in the criminal proceeding denied the transcript request. Under those circumstances, appellate counsel was required to make a showing of colorable claim of error in order to be entitled to a transcript, under the rule of law from *State v. Richter*, 140 Or App 1, 914 P2d 703, *rev den* 323 Or 691 (1996). Appellate counsel wrote to petitioner explaining that he had contacted trial counsel and failed to identify a colorable claim of error. Appellate counsel further stated in his letter:

> "You pled no contest to the attempted sex abuse I. That means that you can only appeal the sentences. ORS 138.040 says just that. You received a 65-month sentence on the plea by stipulation, that means agreement. This sentence was pursuant to Ballot Measure 11. Ballot Measure 11 has been found constitutional for state purposes. *State ex rel Huddleston v. Sawyer*, 324 Or 597, 932 P2d 1145, *cert den* 522 US 994 (1997). Thus, the sentences appear facially valid and you have no issue to appeal."

As a consequence of appellate counsel's letter, petitioner dropped his appeal.

It is clear from that letter that appellate counsel's evaluation of the case was flawed. Appellate counsel stated that petitioner's sentence for attempted sex abuse in the first degree was pursuant to Measure 11. That was incorrect.

While sexual abuse in the first degree is a Measure 11 crime, attempted sexual abuse in the first degree is not. ORS 137.700. Thus, appellate counsel's conclusion that the sentence appeared facially valid also was flawed; because the crime was not a Measure 11 crime, its validity should have been assessed under the sentencing guidelines.

First-degree sexual abuse is ranked in crime category 8 on the sentencing guidelines. Attempted first-degree sexual abuse is ranked in crime category 6. OAR 213-004-0005(1) (A conviction for an attempted crime shall be ranked on the Crime Seriousness Scale at two crime categories below the appropriate category for the completed crime. A sentence imposed for an attempted crime shall not exceed the maximum sentence permitted for such criminal conduct under ORS 161.405.). Under crime category 6 of the sentencing guidelines, a guidelines sentence could be anything from probation to a departure sentence of up to 60 months, depending on the criminal history score of the offender. Likewise, under ORS 161.405(2)(c), an attempt is a "Class C felony if the offense attempted is a Class B felony." First-degree sexual abuse is a class B felony. ORS 163.427(2). Therefore, attempted first-degree sexual abuse is a Class C felony. Under ORS 161.605, the maximum term of an indeterminate sentence of imprisonment for a Class C felony is five years, or 60 months. *See also* OAR 213-008-0003(2) (guidelines departure sentence may not exceed the statutory maximum indeterminate sentence described in ORS 161.605). In sum, the 65-month sentence petitioner received for the crime of attempted first-degree sexual abuse does not appear to be facially valid, and petitioner's appellate counsel erred in advising petitioner that it was.

■    However, appellate counsel's error does not necessarily entitle petitioner to post-conviction relief. To prevail, petitioner must establish that competent appellate counsel would have asserted the claim, and "that had the claim of error been raised, it is more probable than not that the result would have been different." *Guinn v. Cupp*, 304 Or 488, 496, 747 P2d 984 (1987). Here, while the error was obvious, it nonetheless was not reviewable on appeal. Under ORS 138.222(2)(d), an appellate court shall not review *"[a]ny sentence resulting from a stipulated sentencing agreement*

between the state and the defendant which the sentencing court approves on the record." (Emphasis added.) There is no dispute that petitioner stipulated to the 65-month sentence at issue here. *See State v. Kephart*, 320 Or 433, 443, 446, 887 P2d 774 (1994) (evaluating legislative history of ORS 138.222(2)(d), and concluding that legislature intended to permit appellate review of illegal sentences "unless there was a stipulated sentence"); *State v. Upton*, 132 Or App 579, 584, 889 P2d 376 (1994), *rev den* 320 Or 749 (1995) (an agreement that "set[s] the specific sentence to be imposed and the court impose[s] that sentence" is not reviewable on appeal, given the prohibition of ORS 138.222(2)(d)).

■    The post-conviction court held that petitioner received inadequate assistance of appellate counsel because the error "was apparent on the face of the record" and, thus, could have been corrected on appeal. That is not the case. If this court lacks authority to review a sentence under ORS 138.222, then the court may not review the sentence regardless of whether an error is apparent on the face of the record. *See, e.g., State v. Becker*, 120 Or App 230, 851 P2d 1150 (1993) (court could not consider sentencing errors apparent on the face of the record because defendant stipulated to sentence). Given that the erroneous sentence was not reviewable on direct appeal, petitioner's appellate counsel did not provide constitutionally inadequate assistance in failing to assert the error on direct appeal. The post-conviction court erred in concluding otherwise.

■    Because it granted petitioner relief based on his claim of inadequate assistance of counsel, the post-conviction court did not reach petitioner's alternative claim that he was entitled to relief on the ground that the sentence imposed exceeded the maximum sentence allowable by law. *See* ORS 138.530(1)(c) (post-conviction relief shall be granted if petitioner establishes that a sentence is "in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted"). Defendant suggests that petitioner is not entitled to relief on that basis under the rule of law stated in *Palmer v. State of Oregon*, 318 Or 352, 867 P2d 1368 (1994), and asserts that the type of error at issue here is cognizable only within the context of a claim for inadequate assistance of counsel. Petitioner asserts

that the *Palmer* rule does not control here, because the sentence was not authorized by law. We decline to reach this issue on appeal, because it is appropriate for the trial court to rule on this question in the first instance. *See generally Frady v. Morrow*, 169 Or App 250, 255-56, 9 P3d 141 (2000) (appellate court may consider arguments not relied on by trial court at its discretion, but it is appropriate for trial court to consider some arguments in the first instance). Given that the post-conviction court did not rule on this ground, and this issue has not been well briefed on appeal, we conclude that it is appropriate to remand to the post-conviction court to consider in the first instance whether petitioner is entitled to post-conviction relief on grounds other than inadequate assistance of counsel.

Because of our disposition of the cross-appeal, we need not address the question of remedy raised by petitioner's appeal.

Appeal dismissed; reversed and remanded for further proceedings on cross-appeal.

**VAN HOOMISSEN, S. J.,** dissenting.

The majority concludes that the trial court erred in determining that petitioner received inadequate assistance of appellate counsel. The majority reasons that, although petitioner received a sentence that exceeded the maximum sentence allowable by law, appellate counsel was not ineffective in failing to raise that issue on appeal, because the sentence would not have been reviewable on direct appeal. 174 Or App at 570-71. The majority is incorrect. The issue could and should have been raised on direct appeal, and appellate counsel provided inadequate assistance by failing to identify the issue and to seek review of petitioner's unlawful sentence.

The majority relies on *State v. Upton*, 132 Or App 579, 889 P2d 376 (1994), *rev den* 320 Or 749 (1995), for the proposition that, because petitioner stipulated to the sentence that exceeded the maximum sentence allowable by law, that sentence was unreviewable under ORS 138.222(2)(d). In *Upton*, the court refused to consider the defendant's argument that her sentence exceeded the maximum allowable by

law, because the defendant had stipulated to that sentence. The court in *Upton* based its conclusion on an erroneous application of the rule of law announced in *State v. Adams*, 315 Or 359, 847 P2d 397 (1993). *Upton* was decided incorrectly.

In *Adams*, the court held that ORS 138.222(2)(d) precluded direct appellate review of a claim that the sentencing court failed to make adequate findings in support of a departure sentence, because the defendant had stipulated to the sentence.[1] The sentence at issue in *Adams*, however, did not exceed the maximum sentence allowable by law. *See Adams*, 315 Or at 368 (Van Hoomissen, J., concurring) (parties may not stipulate "that a defendant could be sentenced to a term of imprisonment beyond the statutory maximum sentence prescribed by law"). In *State v. Kephart*, 320 Or 433, 441-42, 887 P2d 774 (1994), the court discussed the meaning of the term stipulated sentencing "agreement" as it is used in ORS 138.222(2)(d), concluding that the type of stipulation contemplated by ORS 138.222(2)(d) is the type authorized by ORS 135.407. ORS 135.407, in turn, deals with the different types of stipulated sentences that a court may approve. Each type of sentence discussed in that statute is specifically authorized by law. In short, the types of stipulated sentences that a court may "approve on the record," ORS 138.222(2)(d), *must* be authorized by law. "A sentence must be in conformity with the governing statute; any nonconforming sentence is void for lack of authority and, thus, totally without legal effect." *State v. Leathers*, 271 Or 228, 240, 531 P2d 278 (1975).

Because petitioner's sentence was not authorized by law, it was not the type of sentence that a sentencing court had authority to "approve on the record" and, therefore, review of that sentence was not barred by ORS 138.222(2)(d).

---

[1] ORS 138.222(2)(d) provides, in part:

"On appeal from a judgment of conviction entered for a felony committed on or after November 1, 1989, the appellate court shall not review:

"\* \* \* \* \*

"(d) Any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record."

The trial court correctly determined that petitioner's appellate counsel provided inadequate assistance in failing to raise this issue on direct appeal as "error apparent on the face of the record." The majority errs in concluding otherwise. I respectfully dissent.[2]

---

[2] Given how I would dispose of the issue raised on cross-appeal, I would also reach the merits of the issue petitioner raises on appeal. Petitioner argues on appeal that the trial court erred in setting aside his conviction on the ground that the stipulated sentence was unlawful and asserts that only the sentence should have been set aside. What petitioner fails to mention in his appeal is that, in the course of the post-conviction proceeding, the state offered him a revised *lawful* stipulated sentence of 60 months. He chose, however, to forego the opportunity to amend his stipulated sentence despite the post-conviction court's explicit statement that his post-conviction remedy would be to set aside the entire bargain and revive the prosecution against him. The post-conviction court had discretion to craft an appropriate remedy in this case, and did so. *See generally Brock v. Baldwin*, 171 Or App 188, 195-96, 14 P3d 651 (2000) (post-conviction court may craft remedy that is proper and just; it is not limited to relief sought by petitioner). Accordingly, I would reach the merits of petitioner's appeal, and affirm.