Submitted July 1, 2014, reversed and remanded February 25, 2015

**RUSSELL LEE STOECKERT,**
*Petitioner-Appellant,*

*v.*

**Mark NOOTH,**
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
11058780P; A150615

344 P3d 136

James N. Varner filed the opening brief for appellant. Russell Lee Stoeckert filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Garrett, Presiding Judge, and DeVore, Judge, and Schuman, Senior Judge.

DEVORE, J.

**DEVORE, J.**

Petitioner appeals the post-conviction court's judgment dismissing his petition for post-conviction relief for lack of sufficient documentation, ORS 138.580.[1] Petitioner argues that his post-conviction relief petition properly stated claims for relief, and that, as to several of the claims, there was no additional documentation required. We decline to address, without further discussion, petitioner's additional *pro se* arguments. We review the post-conviction court's legal conclusions for errors of law. ORS 138.650; *Pinnell v. Palmateer*, 200 Or App 303, 318, 114 P3d 515 (2005), *rev den*, 340 Or 483 (2006). In light of the recent decision in *Ogle v. Nooth*, 355 Or 570, 330 P3d 572 (2014), we reverse and remand.

The facts are undisputed and procedural in nature. Petitioner pleaded guilty to two counts of first-degree sexual abuse, ORS 163.427. He subsequently sought post-conviction relief, asserting inadequate assistance of counsel. In support of that claim, petitioner included four specific allegations:

"a. Trial counsel was ineffective in allowing Petitioner to enter into a plea that was not knowingly, voluntarily, and intelligently made. Petitioner suffered from severe depression in the weeks leading up to his entry of a guilty plea and trial counsel was aware of Petitioner's mental state. Petitioner's depression caused him to enter into the plea, and had Petitioner been more emotionally stable, he would not have entered into the plea agreement.

"b. Trial counsel was ineffective in failing to object to the Honorable Michael Sullivan's behavior during the settlement conference. The judge informed Petitioner that he would not leave the room unless he made a deal with the District Attorney's office. The judge also informed Petitioner that touching the victim was sufficient evidence to convict Petitioner of Unlawful Sexual Penetration in the First Degree. Had trial counsel objected to the judge's

---

[1] In part, ORS 138.580 provides:

"The petition shall set forth specifically the grounds upon which relief is claimed, and shall state clearly the relief desired. All facts within the personal knowledge of the petitioner shall be set forth separately from the other allegations of fact and shall be certified as heretofore provided in this section. Affidavits, records or other documentary evidence supporting the allegations of the petition shall be attached to the petition."

behavior during the settlement conference, or requested that the conference end, Petitioner would not have pled guilty pursuant to the plea agreement.

"c.   Trial counsel was ineffective in failing to present or review with petitioner a copy of the discovery in Petitioner's case, including the police reports and interviews with the alleged victim. Had trial counsel reviewed this discovery with Petitioner, Petitioner would not have pled guilty pursuant to the plea agreement.

"d.   Trial counsel was ineffective in failing to argue against the sentence imposed on Petitioner, given that Petitioner had no prior criminal history. Had trial counsel argued against the constitutionality of the sentence, or argued to have the sentences run concurrent, Petitioner would not have received such a lengthy sentence."

In support of those allegations, petitioner included a sworn affidavit in which he explained that he was depressed and suicidal at the time of his plea, that his counsel did not attempt to curtail alleged poor judicial conduct, that his counsel did not share or review discovery (police reports and victim interviews) with him prior to entering a plea, and that his trial counsel did not argue "against [his] sentence."

The state moved for judgment on the pleadings for, among other things, lack of sufficient documentation under ORS 138.580, and petitioner requested a hearing on the motion. At the motion hearing, the state argued that petitioner's affidavit in support of his petition "is just not good enough" and that there were no documents attached to the petition in support of his claim that trial counsel was ineffective in failing to review a copy of the discovery with petitioner. Petitioner's counsel contended that "petitioner was confused during [the] plea hearing" and that his confusion was evidenced by the record of the hearing and his affidavit. The post-conviction court explained:

"I am puzzled by this because there isn't any indication— alright, for example on paragraph 4, let's assume that's true, his counsel never showed them to him. You need to indicate in some way how that—how that information contained in that would have made a difference or something along those lines. Is there something exculpatory in them? Without attaching them they're simply—it's just an

assertion that if I'd seen the police reports I guess I wouldn't have entered the plea.

"* * * * *

"The other problem here is if he was depressed and he was having these problems, there ought to be some kind of evidence to substantiate that, other than him saying in hindsight, 'I was depressed.' Mental health records, affidavits from friends or family, something that would support this, particularly when the transcript just simply doesn't— you know, doesn't support that."

The court determined that there was insufficient supporting documentation for each of the four claims and granted the state's motion. The court ordered:

"The Court being first fully advised, and finding that the claims in ¶¶9a, 9b, 9c, and 9d lack supporting documentation and that [the state's] motion is sound and well taken under ORS 138.580, for all of the reasons cited in [the state's] points and authorities,

"NOW, THEREFORE, IT IS ORDERED that [the state's] Motion for Judgment on the Pleadings as to ¶¶9a, 9b, 9c, and 9d is granted. IT IS FURTHER ORDERED that the claims in ¶¶9a, 9b, 9c, and 9d of the Formal Petition for Post-Conviction Relief are dismissed with prejudice and that the petition is dismissed with prejudice in its entirety."

On appeal, petitioner argues that the post-conviction court erred, because ORS 138.580 did not require petitioner to submit additional evidence supporting his claims. Petitioner further argues that there is "no more documentation required than petitioner's allegations and anticipated trial testimony" but that, here, petitioner exceeded that requirement by submitting an affidavit "providing more detail concerning [his] claim." The state responds, first, that "[w]ith respect to three of the claims [allegations 9a, 9b, and 9d], petitioner may be correct" in that his documentation was sufficient to satisfy ORS 138.580, but that there was not sufficient evidence, as required by ORS 138.580, to support petitioner's claim that his trial counsel provided inadequate assistance by failing to provide him discovery (allegation 9c).

Since the post-conviction court's dismissal of petitioner's claims in this case, the Oregon Supreme Court has addressed the attachment requirements imposed by ORS 138.580. *Ogle*, 355 Or at 572. In *Ogle*, the court rejected the state's argument that the attachment requirement should be interpreted to require a petitioner to attach "*prima facie* evidence" sufficient to submit the case to a factfinder. The court explained that the attachments need not establish a claim "but that the content of the attachments must be such that, if offered at a hearing in admissible form, and if true, would permit a court to rule for petitioner." *Id.* at 582. The court concluded that the statute

> "does not require a post-conviction petitioner to attach evidence that meets some particular standard of reliability. And, although a petitioner must attach some evidence supporting each element of each asserted claim for relief, ORS 138.580 does not require that such attachments prove the truth of the petitioner's allegations. Rather, ORS 138.580 requires a petitioner to attach materials, including the petitioner's own averments of fact, that address each element of each asserted ground for relief and that, considered together, and if substantiated at the post-conviction hearing, would permit the post-conviction court to determine that the petitioner was entitled to post-conviction relief on that ground."

*Id.* at 589. The court offered an example of a petition alleging ineffective assistance of counsel in a criminal matter on the basis of trial counsel failing to call to testify an identified, available, and willing alibi witness, and in which the petitioner attached an affidavit averring that the witness would have provided an alibi on the night of the crime. In that instance, the court explained, "the affidavit of the petitioner would be subject to a hearsay objection and could be inadmissible, but the affidavit nevertheless would support the allegations of the petition[.]" *Id.* at 582.

Given *Ogle*, the post-conviction court incorrectly interpreted the attachment provision of ORS 138.580 to have required petitioner to have done more than he did. The state's tacit concession appropriately recognizes that petitioner's affidavit sufficed, for purposes of the attachment requirement, where petitioner attested that he would

not have pleaded guilty if it were not for the alleged inadequate assistance of counsel related to his mental state (allegation 9a) or the settlement circumstances (allegation 9b). The same is true as to the state's tacit concession involving the allegation of assistance of counsel related to sentencing (allegation 9d), in that there is little petitioner could have done further by his own affidavit, or otherwise, to document his contention that different arguments at his sentencing would have resulted in a lesser sentence.

The state insists that petitioner's affidavit as to unseen discovery (allegation 9c) falls short by failing to indicate what he believed the significant discovery documents "to be." Petitioner alleges that the discovery includes police reports and victim interviews. That much is plain. The state seems to ask that petitioner identify what weakness in the state's case might have been revealed or how *not* seeing the discovery would have mattered in his decision to plead guilty.[2] *Ogle*, however, teaches that the attachments are not required to meet "some particular standard of reliability" nor must they "prove the truth of the petitioner's allegations." 355 Or at 589. In effect, the state's argument seems to ask for better substantiation as to the claim in petitioner's affidavit about the role of discovery in his guilty plea. If so, the state's argument relates to the persuasiveness of petitioner's allegation on the merits. The argument, however, does not mean that petitioner's allegation and affidavit are inadequate for purposes of the pleading threshold of ORS 138.580. Whether petitioner's allegation about unseen discovery is persuasive remains for trial on the merits. Petitioner satisfied ORS 138.580 as to all four allegations.

Whether other legal arguments may be interposed remains for further proceedings. On other grounds, the state contends that dismissal was proper as a matter of law as to each of the four allegations of inadequate assistance of counsel. The state's arguments vary from allegation to allegation. We decline to address these issues, because they

---

[2] In *Ogle*, the court did examine the attached medical records at issue there. The court looked to find that they contradicted the petitioner's claims, rather than lent support. Consequently, several of the petitioner's claims failed the test of ORS 138.530. 355 Or at 594.

are raised for the first time on appeal. Such arguments are better left for the post-conviction court to consider in the first instance. *Blackledge v. Morrow*, 174 Or App 566, 572, 26 P3d 851, *rev den*, 332 Or 558 (2001) (citing *Frady v. Morrow*, 169 Or App 250, 255-56, 9 P3d 141 (2000) (appellate court may, at its discretion, consider arguments not relied upon by the trial court, but it is often appropriate for the trial court to consider some arguments in the first instance)).

For these reasons, we conclude that the post-conviction court erred when dismissing the petition for post-conviction relief and that the judgment must be reversed and remanded for further proceedings.

Reversed and remanded.