Argued and submitted February 3, affirmed May 19, 1993

## TY TROXEL,
*Appellant,*

*v.*

## Manfred (Fred) MAASS,
Superintendent,
Oregon State Penitentiary,
and Ted Long,
*Respondents.*

(92C11006; CA A75777)

853 P2d 294

Garrett A. Richardson, Multnomah Defenders, Inc., Portland, argued the cause and filed the brief for appellant.

Stephanie S. Andrus, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

**RIGGS, J.**

Plaintiff appeals the dismissal of his writ of *habeas corpus*. We review for errors of law, ORS 138.220, and affirm.

Plaintiff is incarcerated in the Intensive Management Unit (IMU) of the Oregon State Penitentiary (OSP), because, on the basis of its evaluation of his characteristics and propensities, OSP determined that plaintiff required intensive supervision. Plaintiff challenged 11 conditions of his incarceration in the IMU through a petition for a writ of *habeas corpus*. The trial court dismissed the petition *sua sponte*. The judgment stated:

> "Plaintiff's petition for writ of habeas corpus does not meet the minimum requirements to invoke habeas corpus jurisdiction."

The judgment did not specify why plaintiff did not meet the minimum jurisdictional requirements.

■ On appeal, plaintiff contends that the judgment dismissing his petition did not conform to ORS 34.370(3), which reads: "The judgment shall explain the reason for the denial." That the petition "does not meet the minimum requirements to invoke habeas corpus jurisdiction" is a conclusion, not a reason.[1] Nevertheless, the error was harmless, because the petition lacks merit.

■ A petition for *habeas corpus* challenging the conditions of confinement must

> "[s]tate facts in support of a claim that the person is deprived of a constitutional right that requires immediate judicial attention and for which no other timely remedy is practically available to the plaintiff." ORS 34.362(2).

With the exception of the claim alleging improper placement in IMU, plaintiff's allegations do not state *facts* that would support his claim that he has been deprived of a constitutional right. *Compare Bedell v. Schiedler*, 307 Or 562, 770 P2d 909 (1989). The claims of improper restrictions on mail,

---

[1] A judgment dismissing a petition need not be exhaustive. However, it should indicate the petition's shortcomings so that they can be remedied. For instance, a judgment could specify that one claim fails to allege facts and a second claim fails to allege deprivation of a constitutional right, while a third claim fails to allege a claim that requires immediate judicial attention. ORS 34.362(2).

phone use and visitation, even if they stated sufficient facts to support those claims, would not require immediate judicial scrutiny. *See Penrod/Brown v. Cupp*, 283 Or 21, 29, 581 P2d 934 (1978).

■      Petitioner's remaining claims also do not state a claim for relief. He argues that, because he served a six-month sanction in disciplinary segregation, his subsequent placement in IMU constitutes double jeopardy. However, placement in IMU is not punitive, so double jeopardy does not apply. There is not, as petitioner argues, a constitutional right to reformation or rehabilitation. *Kent v. Cupp*, 26 Or App 799, 802, 554 P2d 196 (1976). Finally, petitioner has no constitutional right to placement outside of IMU. Therefore, his argument that he has a right to hearing concerning his placement in IMU fails. *See Hewitt v. Helms*, 459 US 460, 103 S Ct 864, 74 L Ed 2d 675 (1983).

Affirmed.