Argued and submitted February 3, affirmed June 2, 1993

## ROLANDO DORSEY GOMEZ,
*Appellant,*

*v.*

## Manfred (Fred) MAASS,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

(92C11371; CA A76309)

853 P2d 846

Garrett A. Richardson, Portland, argued the cause and filed the brief·for appellant.

Stephanie S. Andrus, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

**RIGGS, J.**

Petitioner appeals the dismissal of his petition for writ of *habeas corpus*. We review for errors of law, ORS 138.220, and affirm.

Petitioner is incarcerated in the Intensive Management Unit (IMU) of the Oregon State Penitentiary (OSP). An inmate is placed in IMU if OSP determines that he requires intensive supervision because of his characteristics and propensities. Petitioner challenged his placement in IMU through a petition for a writ of *habeas corpus*. The petition alleged that he was placed in IMU without due process and in violation of his right to be free of *ex post facto* laws. The trial court dismissed the petition *sua sponte*. ORS 34.370(6). The judgment stated that

> "[p]laintiff's petition for a writ of habeas corpus does not meet the minimum requirements to invoke habeas corpus jurisdiction."

The judgment did not specify how petitioner failed to meet the minimum jurisdictional requirements.

On appeal, petitioner contends that the judgment did not conform to ORS 34.370(3), which requires that a judgment "explain the reason for the denial." As we said in *Troxel v. Maass*, 120 Or App 397, 399, 853 P2d 294 (1993), a statement that a "petition 'does not meet the minimum requirements to invoke habeas corpus jurisdiction' is a conclusion, not a reason." However, the error is harmless because, on its face, the petition lacked merit. Petitioner has no constitutional right to placement outside IMU. Therefore he has no right to a hearing concerning his placement. *Troxel v. Maass, supra*, 120 Or App at 400. Also, because placement in IMU is not punitive, petitioner's *ex post facto* argument fails.

Affirmed.