Submitted on record and briefs May 3, reversed and remanded September 11, 1996

KENNETH RILEY,
*Appellant,*

*v.*

George H. BALDWIN,
Superintendent,
Eastern Oregon Correctional Institution,
*Respondent.*

(CV95-0572; CA A89210)

923 P2d 687

Henry M. Silberblatt filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Stephanie L. Striffler, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

**DE MUNIZ, J.**

Plaintiff appeals the trial court's *sua sponte* dismissal of his petition for habeas corpus. We reverse and remand.

Plaintiff argues that the court erred in dismissing his petition because he stated a claim for relief. Plaintiff alleged that he surrendered and was taken into custody because of a parole violation and, after a hearing, that the Board of Parole and Post-Prison Supervision (Board) ordered that he serve 121 days for the violation. He alleged that he had served the 121 days by the time the Board imposed the sanction for the violation and that he was entitled to "immediate re-parole," but, instead, the Board had rescinded his May 1995 release date, ordered a psychological evaluation, and kept him in custody.

Defendant contends that "the problem with plaintiff's allegations is that they assume that he was automatically entitled to be released from custody after serving the sanction period and that the Board could not possibly have any authority to hold him at that point." Defendant argues that the Board has authority to defer a prisoner's release if it finds that the parole plan is inadequate, ORS 144.125(4), and, that, under ORS 144.350(2) the Board can order detention if it has reasonable grounds to believe that a parolee is a danger.

However, the problem with defendant's position is that the petition here was dismissed before defendant made these arguments to the trial court. Under ORS 144.343(2)(a), (b) and (c), the Board may reinstate or continue parole of an alleged violator, revoke parole and require the violator to serve the balance of the sentence, or impose sanctions. Plaintiff's petition alleges that a sanction was imposed and that he was kept in custody beyond the sanction. Although it may well be that the statutes cited by defendant provide the Board with the authority to continue plaintiff's incarceration beyond the term of the sanction, that result is not self-evident from plaintiff's petition. *See Billings v. Gates*, 133 Or App 236, 240, 890 P2d 995 (1995), *aff'd on other grounds* 323 Or

167, 916 P2d 291 (1996) (consideration of whether a petition is meritless is limited to sufficiency of a plaintiff's petition).

 In reviewing a *sua sponte* dismissal, we construe the petition liberally, ORS 34.370(7), and assume the truth of all well-pleaded allegations and all reasonable inferences therefrom. *Weidner v. Zenon*, 124 Or App 314, 862 P2d 550 (1993). Plaintiff has alleged the deprivation of a legal right which, if true, would require immediate judicial scrutiny, and for which it appears that no other timely remedy is available. *Penrod/Brown v. Cupp*, 283 Or 21, 28, 581 P2d 934 (1978).[1] The court erred in dismissing plaintiff's petition.

Reversed and remanded.

---

[1] Because, under ORS 144.335(3), there is no judicial review of "any decision" of the Board "relating to a release date," *see Shelby v. Board of Parole*, 140 Or App 102, 915 P2d 414, *rev den* 324 Or 18 (1996) (denial of judicial review does not violate constitutional *ex post facto* or separation of powers provisions), plaintiff's remedy is by habeas corpus. *See Meadows v. Schiedler*, 143 Or App 213, 924 P2d 314 (1996).