Submitted on record and briefs June 28, reversed and remanded October 9, respondent's petition for review filed December 3, 1996, allowed by opinion February 5, 1997
See 146 Or App 198, 932 P2d 99 (1997)

CLARENCE EX JONES,
*Appellant,*

*v.*

Nicholas ARMENAKIS,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

(94C-13804; CA A86915)

925 P2d 130

Clarence Ex Jones filed the briefs *pro se*.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Pamela G. Wood, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Plaintiff appeals the dismissal of his *pro se* petition for a writ of habeas corpus. We reverse and remand.

■ Plaintiff's petition alleged: In 1985, he was convicted of armed robbery and robbery; in 1986 and 1993, the Board of Parole (Board) established his parole release date as October 18, 1994; on September 25, 1994, he received a "disciplinary misconduct" report for assault, disobedience of an order, and disrespect; "on or before" October 11, 1994, an employee of the Department of Corrections recommended that his parole release date be reset; that recommendation was "contrary" to Department of Correction's rules on prison term modification, OAR 291-97-130(1) to (6), because he had not been found guilty of a violation; on October 11, 1994, the Board rescinded his parole release date without notice or hearing "pending [receipt of a] disciplinary report from Department of Corrections"; on October 17, 1994, he was found guilty of violating various rules of prohibited prisoner conduct; on November 4, 1994, he received an order from the Board "noting" that the Board had received the disciplinary report requesting extension of the parole release date and setting a postponement hearing for November 30, 1994.

Plaintiff alleged that the above "procedures," which used the October 11 employee recommendation to rescind or postpone his release date, were in contravention of ORS 144.125(2) and violated his state and federal rights against *ex post facto* laws, equal privileges and immunities, equal protection of the laws and due process.

The trial court dismissed the petition on its own motion, ORS 34.370(2)(b), and entered a judgment stating: "Plaintiff's petition for writ of habeas corpus does not meet the minimum requirements to invoke habeas corpus jurisdiction." Plaintiff assigns error to the judgment, arguing that it did not comply with the requirements of ORS 34.370(3). Plaintiff is correct. ORS 34.370(6) authorizes a court "on its own motion, [to] enter a judgment denying a meritless petition," but, if it does so, ORS 34.370(3) requires that the "judgment shall explain to the parties the reason for the denial."

We noted in *Troxel v. Maass*, 120 Or App 397, 399, 853 P2d 294 (1993), that a judgment that merely recites that a petition does not meet the jurisdictional requirements of habeas corpus, is a conclusion, not a reason. We also explained that, although a judgment dismissing a petition does not need to be exhaustive, it should indicate the petition's shortcomings "so that they can be remedied." *Id*. at n 1. By way of example, we stated that the judgment could specify that a claim failed to allege facts, that it failed to allege a deprivation of a constitutional right or that it failed to allege a claim that requires immediate judicial attention. *Id*. The judgment here gives no reasons whatsoever as to why the petition is meritless. Nonetheless, defendant argues that here, as we did in *Troxel* and in *Gomez v. Maass*, 120 Or App 577, 853 P2d 846 (1993), we should hold that any error in the judgment is harmless, because "on its face" plaintiff's petition lacks merit.

■        When a petition for habeas corpus is filed, the judge may issue an order directing the defendant to show cause why the writ should not be allowed, ORS 34.370(1), or deny the petition as meritless and enter a judgment, ORS 34.370(6). The merits of a petition pertain solely to the legal sufficiency of the petition. *Billings v. Gates*, 133 Or App 236, 241, 890 P2d 995 (1995), *aff'd on other grounds* 323 Or 167, 916 P2d 291 (1996). We explained in *Billings*:

> "ORS 34.370(7) defines a 'meritless petition' as 'one which, when liberally construed, fails to state a claim upon which habeas corpus relief may be granted.' That definition refers solely to the content of a plaintiff's petition and not to any extrinsic evidentiary materials." 133 Or App at 240.

We review the denial of a petition as meritless for failure to state a claim under ORCP 21A(8). *Id*. at 241.

■        Here, viewing the allegations most favorably to plaintiff, we do not agree with defendant that, as in *Troxel* and *Gomez*, plaintiff's petition shows on its face that he failed to state a claim. Plaintiff alleged that his scheduled release date was postponed or rescinded without a hearing in contravention of ORS 144.125 and OAR 291-97-130.[1] The thrust of

---

[1] ORS 144.125(2) authorizes postponement of a scheduled release date if the Board finds, "after a hearing, that the prisoner engaged in serious misconduct

plaintiff's allegations, thus, is continued incarceration in violation of a legal right, requiring immediate judicial scrutiny. *See Penrod/Brown v. Cupp*, 283 Or 21, 28, 581 P2d 934 (1978).

■ Defendant argues, however, that even treating plaintiff's allegations as true, there is nothing in them that "demonstrates that the Board's actions in rescinding his release date and setting a postponement hearing violated his rights under the *applicable* statutes and rules." (Emphasis supplied.) The difficulty with defendant's position is that the statutes and rules on which he relies are not evident from the allegations of plaintiff's petition. They are also not evident from the judgment, which is devoid of reasons. Defendant depends on extrinsic authority, which fills over 12 pages of his 30-page brief, for his argument in support of the Board's action.[2]

It may well be that the authorities cited and arguments made by defendant provide grounds to dismiss plaintiff's petition. *See* ORS 34.680(1) (defendant may move to dismiss petition on ground of failure to state a claim or may move to dismiss). However, that determination cannot be made on the allegations of the petition, and the arguments raised by defendant on appeal are ones properly addressed to the trial court in the first instance.

Our role is to review the trial court's reasons for finding a petition to be without merit, and the court has not provided those reasons. The trial court erred in dismissing plaintiff's petition on its own motion.

Reversed and remanded.

---

during confinement." OAR 291-97-130(1) provides that the Department of Corrections may recommend that a parole release date be reset to a later date as a result of disciplinary action if the "prisoner is found guilty of a major rule violation after a formal disciplinary hearing[.]"

[2] Following defendant's brief, we allowed petitioner's motion to file a reply brief. Although the length of briefing does not, of course, control whether the petition lacks merit, it is some indication that that determination is one not evident from the "face" of the petition.