On respondent's petition for reconsideration filed December 3, 1996, and appellant's reply to motion for reconsideration filed January 9, 1997, petition for reconsideration allowed; opinion (144 Or App 23, 925 P2d 130 (1996)) modified and adhered to as modified February 5, 1997

## CLARENCE EX JONES,
*Appellant,*

*v.*

## Nicholas ARMENAKIS,
*Respondent.*

(94C-13804; CA A86915)

932 P2d 99

Theodore S. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Christine Chute, Assistant Attorney General, for petition.

Clarence Ex Jones, *pro se*, for reply.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

**DE MUNIZ, J.**

Defendant has petitioned for reconsideration of our opinion, 144 Or App 23, 925 P2d 130 (1996). We allow the petition.

■ Defendant argues that our opinion suggests that reliance on rules and statutes, beyond those specified in a petition for writ of habeas corpus, amounts to an impermissible reliance on "extrinsic evidentiary materials" not properly within the purview of the trial or appellate court. *See id.* at 26-27. We do not quarrel with defendant's contention that legal arguments are not "extrinsic evidence," and, insofar as our opinion suggests that a habeas corpus court or an appellant cannot rely on statutes, rules and appellate opinions, it is incorrect.

Our comments were in response to defendant's argument on appeal that, although the habeas corpus court rejected plaintiff's petition without giving its reasons as required by ORS 34.370(3), we could nonetheless hold that the error was harmless because the petition "on its face" lacked merit. To support that position, defendant filed a 30-page brief showing how the Board's decision could have been reached under "applicable rules." An evaluation of those arguments could not fairly be described as an appellate determination that the petition lacked merit "on its face."

■ In our opinion, we sought to make clear that a *sua sponte* dismissal of a petition for habeas corpus as meritless relates "solely to the content of a plaintiff's petition[.]" *Billings v. Gates*, 133 Or App 236, 241, 890 P2d 995 (1995), *aff'd on other grounds* 323 Or 167, 916 P2d 291 (1996). When, as here, the court fails to enter the required reasons as to why the allegations lack merit, the parties can only guess at how the court applied the law to the alleged facts. And, in turn, as we previously noted, we are unable to perform our role of reviewing the court's reasons. *Jones*, 144 Or App at 27.

The opinion is modified as follows: (1) The second sentence of the quotation from *Billings* on page 26 is modified

to read: "That definition refers solely to the content of a plaintiff's petition[.]" (2) The second sentence of the first full paragraph on page 27 is modified to read:

"The difficulty with defendant's position is that it is not evident from the allegations of plaintiff's petition that the statutes and rules on which defendant relies apply under the circumstances alleged in plaintiff's petition. It is also not evident from the judgment on what statutes and rules the court relied because the judgment is devoid of reasons."

(3) Footnote 2 is modified to begin with the sentence: "Defendant filed a 30-page brief in defense of the court's judgment."

Petition for reconsideration allowed; opinion modified and adhered to as modified.