Submitted on record and briefs August 27, reversed and remanded
October 14, 1998

## Joel RUSHIN,
*Appellant,*

*v.*

## Michael McGEE,
Acting by and through
Columbia River Correctional Institution,
and Dianne Middle,
Acting by and through
Oregon State Board of Parole PPS,
*Respondents.*

(9706-34955; CA A98607)

965 P2d 498

Harrison Latto filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Jas. Adams, Assistant Attorney General, filed the brief for respondents.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

DEITS, C. J.

## DEITS, C. J.

Plaintiff, an inmate at Columbia River Correctional Institution, appeals the trial court's *sua sponte* dismissal of his petition for a writ of habeas corpus. "In reviewing a *sua sponte* dismissal, we construe the petition liberally, ORS 34.370(7), and assume the truth of all well-pleaded allegations and all reasonable inferences therefrom." *Riley v. Baldwin*, 143 Or App 404, 407, 923 P2d 687 (1996). We reverse.

■    In his petition, plaintiff alleged that he was released on parole two days before his good time discharge date, against his wishes, that his parole later was revoked, and that his current incarceration is unlawful. On the same day the petition was filed, the trial court dismissed it *sua sponte*, noting: "This is not a factual question. I find against the defendant [*sic*] on the meaning of the statutes cited by him." Construing plaintiff's pleading liberally, we conclude that plaintiff stated a claim for relief under *Bollinger v. Board of Parole*, 142 Or App 81, 920 P2d 1111, *rev allowed* 324 Or 394 (1996) (statute allowing Board to parole an inmate immediately before good time date and thus to increase the amount of time inmate is under supervision is an impermissible *ex post facto* law as applied to an inmate whose crime was committed before effective date of statute).

■    Defendant superintendent does not, in fact, dispute that plaintiff has stated a claim under *Bollinger* but notes that *Bollinger* is on review and if "the state's argument prevails at the Supreme Court, plaintiff will not have stated a claim for habeas relief under *Bollinger*." Defendant therefore asks this court not to decide this case until the Supreme Court has issued a decision in *Bollinger*. We decline to delay our decision. The writ of habeas corpus is available when a petition alleges a deprivation of "legal rights of a kind which, if true, would require *immediate* judicial scrutiny[.]" *Penrod/ Brown v. Cupp*, 283 Or 21, 28, 581 P2d 934 (1978) (emphasis added). Our holding in *Bollinger* is the current law on the question presented. It would defeat the purpose of the writ of

habeas corpus to defer deciding habeas corpus cases on the ground that the law might change in the future.[1]

Reversed and remanded.

---

[1] We note that, in *Bollinger*, the petitioner challenged an order setting a parole release date. Here, petitioner was paroled, and his present incarceration is the result of the revocation of his parole. There is no issue presently before us as to the effect, if any, of that revocation. *Cf. Payton v. Thompson*, 156 Or App 217, 968 P2d 388 (1998) ("Relief is not available if plaintiff's incarceration was lawful at the time that the remedy of habeas corpus was sought, even if the imprisonment was unlawful for an unrelated reason at some prior time.").