Argued and submitted March 13, reversed and remanded August 2, 2000

# LEROY FRADY,
*Appellant,*

*v.*

# Mitch MORROW,
Superintendent,
Oregon State Correctional Institution,
*Respondent.*

(98C-16765; CA A103375)

9 P3d 141

Elana D. Flynn argued the cause and filed the brief for appellant.

Judy C. Lucas, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LINDER, J.

**LINDER, J.**

Plaintiff appeals from the trial court's *sua sponte* dismissal of his habeas corpus petition in which he alleged that the Board of Parole and Post-Prison Supervision (Board) unlawfully deferred his release date. We reverse and remand.

Plaintiff was sentenced to life in prison for a murder he committed in June 1977. The Board set a parole release date of December 4, 1996, but later deferred parole by order, stating:

> "The Board has received a psychological evaluation on inmate dated 03/25/1998.

> "The Board, based on all the information it is considering at this hearing finds that the doctor's diagnosis coupled with all the information it is considering, does result in a finding of a *present severe emotional disturbance* such as to constitute a danger to the health and safety of the community. The Board has considered this matter under the laws in effect at the time of the commitment offense(s).

> "The Board defers release date for 24 months for a projected parole release date of 12/04/2000, for a total of 276 months. A review will be scheduled in 6/2000 with a current psychological evaluation."

(Emphasis added.)

Plaintiff filed a petition for habeas corpus relief, asserting that the Board deferred his parole release date in violation of constitutional prohibitions against application of *ex post facto* laws. Plaintiff specifically asserted that ORS 144.125(3), which grants the Board authority to defer parole based on a finding of a "present severe emotional disturbance," was not in effect in June 1977, when plaintiff committed the crime. *See* Or Laws 1977, ch 372, § 6, *codified as* ORS 144.125.[1]

---

[1] ORS 144.125 (1977), which became effective a few months after plaintiff committed the offense in question, provided, in part:

"(3) If a psychiatric or psychological diagnosis of present severe emotional disturbance has been made with respect to the prisoner, the board may order the postponement of the scheduled parole release until a specified future date."

■      The trial court dismissed plaintiff's petition *sua sponte*, citing "the reasoning set forth in *Weidner v. Armenakis*," 154 Or App 12, 959 P2d 623, *vac'd and rem'd* 327 Or 317, 966 P2d 220 (1998), *withdrawn by order* July, 13, 1998, *reasoning reaffirmed and adopted in Merrill v. Johnson*, 155 Or App 295, 964 P2d 284, *rev den* 328 Or 40 (1998).[2] Plaintiff argues on appeal that the trial court erred in concluding that our reasoning in *Weidner* applies to the circumstances of this case.[3] We agree.

In *Weidner*, the Board deferred the plaintiff's release date, applying both the 1991 and 1993 versions of ORS 144.125(3), even though the plaintiff's crimes were committed before the effective date of the 1993 amendments. We determined that the Board's application of the 1993 statute violated the *ex post facto* provisions of the state and federal constitutions. *Weidner*, 154 Or App at 16. We held further, however, that the plaintiff was not entitled to habeas corpus relief because the Board's findings satisfied the statutory standard set out in the 1991 version of the statute, which did apply to the plaintiff. Thus, in *Weidner*, the plaintiff was asserting that the Board relied on the wrong version of ORS 144.125. We concluded that the error was "not dispositive" because the Board properly extended the parole release date based on a determination of "present severe emotional disturbance" under the prior version of the statute. *Id.* In contrast, plaintiff in this case is arguing that the Board may not rely on *any* version of ORS 144.125 and may not extend his parole release date based on a finding of a "present severe emotional disturbance."

■      Defendant concedes that the trial court erroneously relied on *Weidner* but argues that we should affirm the trial court's ruling anyway. The disposition that defendant urges

---

[2] A trial court may dismiss a meritless petition on its own motion as long as it states its reason for the denial and "indicate[s] the petition's shortcomings 'so that they can be remedied.'" *Jones v. Armenakis*, 144 Or App 23, 26, 925 P2d 130 (1996), *mod* 146 Or App 198, 932 P2d 99 (1997); *see also* ORS 34.370(3) and (6).

[3] As noted, the reasoning in *Weidner* was readopted and reaffirmed in *Merrill*. We refer to *Weidner* rather than to *Merrill* because *Weidner* contains our full analysis. *See Godleske v. Morrow*, 161 Or App 523, 526 n 2, 984 P2d 339 (1999) (referring to *Weidner* for the same reason).

can be characterized as an affirmance based either on "harmless error" or the "right for the wrong reason" doctrine. The primary principle underlying those doctrines is that a trial court will not be "gratuitously reversed," and if the trial court's result is, ultimately, correct, it will be affirmed on alternative grounds to avoid an unnecessary remand. *State ex rel Juv. Dept. v. Pfaff*, 164 Or App 470, 478, 994 P2d 147 (1999).

In the context of a *sua sponte* dismissal of a habeas corpus petition, we will affirm on a "right for the wrong reason" or "harmless error" basis only if it is evident from the face of the plaintiff's petition that the dismissal ultimately is correct. *Compare Gomez v. Maass*, 120 Or App 577, 579, 853 P2d 846 (1993) (trial court's failure to provide reasons for *sua sponte* dismissal was harmless error where petition failed to state a claim) *and Troxel v. Maass*, 120 Or App 397, 399-400, 853 P2d 294 (1993) (same) *with Riley v. Baldwin*, 143 Or App 404, 406, 923 P2d 687 (1996) (reversing *sua sponte* dismissal because, "[a]lthough it may well be that the statutes cited by defendant provide the Board with the authority to continue plaintiff's incarceration * * *, that result is not self-evident from plaintiff's petition"). In affirming a dismissal for alternative reasons, however, we must remain faithful to the standard by which we assess the adequacy of the petition. That is, we must "construe the petition liberally, ORS 34.370(7), and assume the truth of all well-pleaded allegations and all reasonable inferences therefrom." *Riley*, 143 Or App at 407. We need not determine whether plaintiff has *established* a claim. Rather, we decide only whether, from the face of the petition, plaintiff has *stated* a claim. In *Troxel*, for example, the plaintiff challenged his placement in the Oregon State Penitentiary's Intensive Management Unit (IMU) and the IMU's restrictions on mail, phone use, and visitations. We held that the trial court erred in failing to state reasons for its *sua sponte* dismissal but concluded that the error was harmless because we could easily discern from the face of the habeas corpus petition that none of the allegations supported a claim of deprivation of constitutional rights. *Troxel*, 120 Or App at 399-400.

We cannot say the same in this case. As a first alternative basis for affirming the dismissal of the petition, defendant argues that plaintiff did not plead facts showing that no

other timely remedy is available. More specifically, defendant contends that, because plaintiff's petition is directed at the Board's order, "it is apparent [from the face of the petition and supporting documents] that plaintiff failed to exhaust his administrative remedies prior to seeking a writ of habeas corpus." We fail to see how that is so. Plaintiff pleaded that he has "applied and exhausted [his] administrative remedies." Nothing in plaintiff's petition requires a contrary conclusion as a matter of law. That is not to say that plaintiff in this case will be able to establish that he exhausted the administrative remedies available to him. But construing the petition liberally, as we must, plaintiff has adequately alleged that no other timely remedy is available.

■ Defendant's second alternative argument is that the Board's extension of plaintiff's parole release date was nevertheless correct because the applicable statutes and rules gave the Board discretion to consider a prisoner's mental or physical makeup. Thus, defendant essentially argues that the Board's finding that plaintiff suffers from a "present severe emotional disturbance" is a lawful basis for extending his parole release date, even if that particular language was not yet expressed in the statutory scheme.

In making that argument, defendant presents an exhaustive discussion about which statutory scheme and administrative rules should be applied to this case and which the Board in fact applied. We decline to resolve that debate with the case in its current posture. To decide if defendant is correct, we would first have to determine which of the many administrative rules and statutes cited by the parties were in effect at the relevant time. Although resolution of that dispute is ultimately a legal inquiry, determining which superseded version of the administrative rules and statutes was in effect at which points in time is not necessarily a straightforward exercise.

■ Our consideration of alternative arguments for affirming when they are presented for the first time on appeal is discretionary. *See State v. Rogers*, 330 Or 282, 295, 4 P3d 1261 (2000) (appellate courts *may* examine legal arguments not relied on by a trial court to determine if those arguments provide a basis for affirmance); *accord Kinross Copper Corp. v. State of Oregon*, 160 Or App 513, 520, 981 P2d 833,

*on recons* 163 Or App 357, 988 P2d 400 (1999), *rev den* 330 Or 71 (2000) ("we *may* affirm on grounds different from those on which the trial court based its decision, so long as there is evidence in the record to support those alternate grounds" (emphasis added)). The decision to exercise that discretion depends on whether judicial efficiency would be well-served. Here, it would not be. The trial court dismissed the petition *sua sponte*, without an appearance by defendant. Consequently, defendant had no opportunity to assert these alternative arguments in the trial court. Defendant raised them in his respondent's brief, which provided his first opportunity to do so. Plaintiff, however, had no opportunity to respond in writing to defendant's assertions as to statutes and regulations in force at the relevant time. Moreover, because the factual record has not yet been developed, it is unclear whether the defendant's alternative arguments will prove dispositive. Judicial efficiency in this instance would be better served by allowing defendant's legal argument, plaintiff's response, and the related factual issues to be developed in the first instance in the trial court. At a minimum, the more appropriate procedure for development of the parties' legal positions and the factual record is that provided by ORS 34.680(1), which provides the functional equivalent of a summary judgment procedure. *See McClintock v. Schiedler*, 123 Or App 334, 336, 859 P2d 580 (1993) (describing the "summary judgment"-like dismissal procedure under the statute).[4]

Reversed and remanded.

---

[1] Perhaps tellingly, defendant cites ORS 34.680(1) and *McClintock* as detailing the appropriate standard of our review. Defendant overlooks that the posture of this case is different because the trial court dismissed *sua sponte*, before the filing of a return, the replication, if any, and supporting evidence as permitted under "summary judgment"-like procedure contemplated by ORS 34.680(1).