Submitted on record and briefs February 2, affirmed March 14, petition for review denied June 26, 2001 (332 Or 305)

**JEFFREY DALE TINER,**
*Appellant,*

*v.*

**Jan CLEMENTS,**
**Sheriff of Lane County,**
*Respondent.*

**(16-00-01647; CA A109255)**

20 P3d 262

Jeffrey Dale Tiner filed the briefs *pro se.*

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

PER CURIAM

## PER CURIAM

In his petition for a writ of habeas corpus, plaintiff alleges that Lane County indicted him for various crimes and that he filed a pretrial motion in the underlying criminal action to dismiss those charges arguing, in part, that he was being held in violation of Article IV of the Interstate Agreement on Detainers (IAD). The trial court denied the motion. Plaintiff then filed a petition for habeas corpus alleging that he was being held in violation of the IAD. The trial court dismissed plaintiff's habeas petition for failure to state a claim for relief, *see* ORS 34.680(1), and entered judgment accordingly. We take judicial notice that, after the trial court entered judgment dismissing the habeas petition, plaintiff was convicted in the underlying criminal action of aggravated murder and sentenced to death. *See* OEC 201(b) and (f); *State ex rel Juv. Dept. v. Brammer*, 133 Or App 544, 547 n 2, 892 P2d 720, *rev den* 321 Or 268 (1995).

Plaintiff appeals from the judgment dismissing his habeas petition. A writ of habeas corpus is available only if no other adequate remedy exists. ORS 34.362; *Mueller v. Cupp*, 45 Or App 495, 499, 608 P2d 1203 (1980). If, as plaintiff alleges in his habeas petition, he filed a motion in the underlying criminal action to dismiss the charges against him because of an IAD violation, he has an adequate remedy: He may raise his IAD challenge on direct appeal from his criminal conviction. The trial court correctly dismissed the petition.

Affirmed.