Argued and submitted June 20, reversed August 7, 2002

## IVAN JERRY ADAMS,
*Respondent,*

*v.*

## Jan CLEMENTS,
Lane County Sheriff,
*Defendant,*

*and*

## BOARD OF PAROLE AND POST-PRISON SUPERVISION
and Department of Corrections,
*Appellants.*

160023841; A113367

51 P3d 674

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellants. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

William Lewis Tufts argued the cause for respondent. With him on the brief was Public Defender Services of Lane County, Inc.

Before Kistler, Presiding Judge, and Deits, Chief Judge, and Warren, Senior Judge.

KISTLER, P. J.

**KISTLER, P. J.**

The Board of Parole and Post-Prison Supervision and the Department of Corrections appeal the grant of a writ of habeas corpus requiring the Lane County Sheriff to release petitioner from custody. The trial court held that, because petitioner's sentence had expired, the Board did not have authority to revoke his parole and return him to custody. We reverse.

The Lane County Sheriff took petitioner into custody on September 6, 2000, because he possessed a controlled substance, because he was in contempt of court, and because the Board had revoked his parole. Petitioner sought administrative review of the Board's revocation order. He argued, among other things, that, because his underlying sentence had expired, the Board lacked authority to revoke his parole. The Board upheld the revocation, finding that his sentence had not expired.

On December 4, 2000, petitioner filed a petition for habeas corpus in Lane County Circuit Court. The court issued the writ, and the Board and the Department of Corrections intervened and filed a motion to dismiss. They argued that petitioner could not seek habeas relief because another adequate remedy was available: Petitioner could seek judicial review of the Board's administrative order affirming the decision to revoke his parole. The trial court disagreed with that procedural argument and also with intervenors' contention that petitioner still had three years to serve on his sentence. It accordingly entered a judgment ordering the sheriff to release petitioner.

Intervenors have appealed, and the initial question on appeal is whether the fact that petitioner could have sought judicial review of the Board's order precludes him from seeking habeas. *See Tiner v. Clements*, 173 Or App 168, 169, 20 P3d 262, *rev den* 332 Or 305 (2001) (reasoning that a writ of habeas corpus is available only if no other adequate remedy exists).[1] A petitioner may seek habeas relief only if

---

[1] We note that ORS 34.330(4) now provides that a person may not prosecute a writ of habeas corpus if he or she

"there is no other timely remedy available to him [or her]" and if there is a "need for immediate judicial scrutiny" of the claim. *Gage v. Maass*, 306 Or 196, 204, 759 P2d 1049 (1988). Here, ORS 144.335(1) permits petitioner to seek judicial review of the Board's action and is an adequate alternative remedy. *Cf. Frady v. Morrow*, 169 Or App 250, 255, 9 P3d 141 (2000).[2] Additionally, a lieutenant in the sheriff's office had filed an affidavit stating that petitioner was in custody on the parole violation and also on a separate charge of possession of a controlled substance. Thus, petitioner would remain in custody on the separate charge, and would not be entitled to immediate release, even if he prevailed in this case. Petitioner is not entitled to habeas corpus relief on this record.[3]

Reversed.

---

"is eligible to seek judicial review of a final order of the State Board of Parole and Post-Prison Supervision under ORS 144.335 but the person fails to seek judicial review of the order in a timely manner."

This subsection, however, was not enacted until 2001, *see* Or Laws 2001, ch 661, § 2, and there is no evidence that the legislature intended it to apply retroactively to persons, such as petitioner, who petitioned for habeas corpus relief before its effective date.

[2] In *Frady*, the state argued that the petitioner's ability to seek administrative review of the Board's order setting his release date meant that a timely remedy, other than habeas corpus, was available to him. 169 Or App at 255. We did not dispute the premise of that argument. Rather, we rejected the state's argument because petitioner alleged that he had applied for and exhausted his administrative remedies. *Id.* We note that, because the petitioner in *Frady* could not have sought judicial review of the order denying his release date, the precise question presented here was not presented in *Frady*.

[3] We have considered petitioner's other arguments and reject them without discussion.