Argued and submitted October 30, 2007, affirmed January 30, 2008

JOHN BRADLEY STRAWN,
*Plaintiff-Appellant,*

*v.*

Brian BELLEQUE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent,*

*and*

DEPARTMENT OF CORRECTIONS,
*Defendant.*

Marion County Circuit Court
06C10588; A133634

177 P3d 1120

David E. Groom argued the cause and filed the brief for appellant.

Denise G. Fjordbeck, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

PER CURIAM

## PER CURIAM

In this habeas corpus case, the trial court dismissed plaintiff's petition on the ground that plaintiff had an adequate alternative remedy in the form of judicial review of an order of the Board of Parole and Post-Prison Supervision establishing his parole release date. Plaintiff appeals, arguing that he is entitled to habeas corpus relief because the board erroneously set his parole release date at a time later than the expiration date of his sentence, that he sought judicial review of the board order setting that date, and that, once that date passed, he had no other adequate remedy. Plaintiff asks us to reverse the judgment dismissing his petition or, at a minimum, to remand for a hearing on the merits. Defendant superintendent asserts, as he did below, that plaintiff has an adequate remedy in the form of judicial review of the board's order and that, in any event, on the merits, plaintiff is not entitled to relief.[1]

We agree with defendant as to both points. Plaintiff has sought judicial review of the relevant board order on essentially the same theory that he asserted in his habeas corpus petition.[2] Accordingly, he has an adequate alternative remedy as to those allegations. *See Adams v. Clements*, 183 Or App 207, 51 P3d 674 (2002) (where the plaintiff in a habeas corpus proceeding had an adequate alternative remedy of judicial review of the board's order under ORS 144.335, he was not entitled to habeas corpus relief). Moreover, and in any event, on this date, we have determined on judicial review of the relevant board order that the order was not unlawful for any of the reasons asserted by plaintiff in that proceeding. *Strawn v. Board of Parole*, 217 Or App 542, 176 P3d 426 (2008). Where plaintiff asserts in this proceeding the

---

[1] Defendant asserts that plaintiff was eligible *but failed* to seek judicial review of the board's order and therefore is expressly precluded by ORS 34.440(4) from prosecuting a writ of habeas corpus. As discussed, plaintiff did seek judicial review of the board's order. That factual error on defendant's part does not affect our analysis.

[2] In his petition below, plaintiff also asserted that he was unlawfully detained by reason of a determination by the Department of Corrections of his sentence expiration date. On appeal, however, plaintiff's arguments relate solely to the board's actions based on that expiration date.

same challenges to the proper calculation of his multiple sentences that he asserted on judicial review, it necessarily follows that he is not entitled to habeas corpus relief.

Affirmed.