Submitted December 23, 2019, affirmed January 15, 2020

Martin Allen JOHNSON,
*Plaintiff-Appellant,*

*v.*

John DOE,
Jane Doe, and WCSO Staff,
*Defendants-Respondents.*

Washington County Circuit Court
18CV27219; A168366

459 P3d 271

Andrew Erwin, Judge.

Jedediah Peterson and O'Connor Weber LLC filed the opening brief for appellant. Martin Allen Johnson filed the supplemental brief *pro se*.

Elmer M. Dickens waived appearance for respondents.

Before Lagesen, Presiding Judge, and Powers, Judge, and Brewer, Senior Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Plaintiff petitioned for a writ of habeas corpus, challenging his detention in the Washington County Jail. Eleven days later, the trial court, acting on its own motion under ORS 34.370(6), entered a judgment dismissing the petition. In full, the judgment stated:

> "A Petition for Writ of Habeas Corpus was filed on July 2, 2018.
>
> "It is therefore, ORDERED and ADJUDGED the Petition for Writ of Habeas Corpus is DISMISSED per ORS 34.370(6)."

(Capitalization in original.)

On appeal, plaintiff argues that the trial court's dismissal was in error because the court did not give its reasons for the dismissal, something that is required of the court when it dismisses a habeas petition on its own motion under ORS 34.370(6). As plaintiff points out, ORS 34.370(3) states: "The judgment shall explain to the parties the reason for the denial." This means, we have said, that "[a] trial court may dismiss a meritless petition on its own motion as long as it states its reason for the denial and indicates the petition's shortcomings so that they can be remedied." *Frady v. Morrow*, 169 Or App 250, 253 n 2, 9 P3d 141 (2000) (internal quotation marks omitted).

Plaintiff is correct that the trial court erred by dismissing the petition without giving its reasons. However, that error is not a reversible one—in other words, is harmless—"if it is evident from the face of the plaintiff's petition that the dismissal ultimately is correct." *Id*. at 254. Here, plaintiff's petition is a single-page document[1] that alleges no facts that would permit the conclusion that his detention is unlawful or that habeas corpus proceedings are a proper way for plaintiff to challenge his detention. Apart from a conclusory allegation that his detention is unlawful, the petition alleges simply that plaintiff is a pretrial detainee awaiting a new trial on a charge or charges for

---

[1] The single-page document that plaintiff filed indicates that it is "Page 1 of 3." Perhaps plaintiff alleged additional facts on other pages, but he did not file those pages as part of the petition.

which he has been indicted. Liberally construed, those bare facts do not state a claim for habeas relief. For that reason, the trial court's failure to identify the reasons for its dismissal is harmless.

Plaintiff has also submitted a *pro se* supplemental brief on appeal in which he argues the merits as to why he is entitled to habeas relief. Those arguments, however, go far beyond what plaintiff presented to the trial court in his one-page habeas petition and consequently do not identify grounds for reversing the trial court's judgment of dismissal.

Affirmed.