Submitted February 7, reversed and remanded March 4, 2020

## LOREN TARABOCHIA,
*Plaintiff-Appellant,*

*v.*

## Susan WASHBURN,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
19CV38852; A172349

458 P3d 734

Robert W. Collins, Jr., Judge.

Loren Christopher Tarabochia filed the briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Dashiell L. Farewell, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

Petitioner appeals the dismissal of his petition for a writ of habeas corpus. Petitioner sought a writ of habeas corpus, alleging that the superintendent had failed to credit him for time served on several prison sentences. The superintendent filed a response, arguing that claim preclusion barred the present petition as petitioner had previously sought a writ, which had been denied without prejudice.[1] The trial court entered a general judgment dismissing the present case without prejudice, indicating that the petition was denied as meritless, and including a money award in favor of the superintendent for $100 for attorney fees. The judgment contains no explanation of the disposition. On petitioner's appeal from that judgment, the superintendent concedes that the trial court erred because it failed to explain the reason for its dismissal. As explained below, we accept that concession.

In *Jones v. Armenakis*, 144 Or App 23, 26, 925 P2d 130 (1996), *adh'd to as modified on recons*, 146 Or App 198, 932 P2d 99 (1997), we explained that a judgment dismissing a petition for a writ of habeas corpus without prejudice "should indicate the petition's shortcomings so that they can be remedied." (Internal quotation marks and citation omitted.) *See also* ORS 34.370(3) (judgment entered on court's own motion denying petition as meritless "shall explain to the parties the reason for the denial"). Petitioner asks that we consider the merits of his claim and conclude that his petition does state a claim. However, as we explained in our decision on reconsideration in *Jones*, when a case is in this posture, we are not in a position to rule on the merits. 146 Or App at 200.

Reversed and remanded.

---

[1] On appeal, the superintendent notes that her argument in that regard was legally incorrect, although its reason for conceding on appeal is the flaw in the judgment as described below.