Submitted December 12, 2011, affirmed March 28, petition for review denied
August 16, 2012 (352 Or 342)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL NOLASCO-LARA,
*Defendant-Appellant.*

Jackson County Circuit Court
101279FE; A146282

274 P3d 880

Bear Wilner-Nugent argued the cause and filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Katherine H. Waldo, Senior Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals a judgment sentencing him to 70 months of incarceration and five years of post-prison supervision following his guilty plea to robbery in the second degree. Defendant asserts that the trial court erred in sentencing him to five years of post-prison supervision because the maximum term of post-prison supervision for his conviction is three years. Defendant also contends that 70 months of incarceration with five years of post-prison supervision exceeds the 10-year statutory maximum indeterminate sentence for a Class B felony. Defendant concedes that his claim of sentencing error is not preserved, but argues that we should exercise our discretion to review it as plain error. The state contends that defendant's claim is not reviewable under ORS 138.222(2)(d). The state also argues that we should not exercise our discretion to review defendant's claim. Although we reject the state's contention that we may not review defendant's claim under ORS 138.222(2)(d), we agree with the state that defendant may have made a strategic decision not to object to the sentence. Accordingly, we will not exercise our discretion to correct the error.

Defendant was charged with robbery in the first degree, ORS 164.415, robbery in the second degree, ORS 164.405, theft in the second degree, ORS 164.045, menacing, ORS 163.190, and disorderly conduct in the second degree, ORS 166.025. Defendant signed a "petition to enter plea of guilty and order permitting same." In the plea, defendant stated,

> "In consideration of my plea of guilty to Count 2 (Robbery in the Second Degree—Measure 11), the State will dismiss Count 1 (Robbery in the First Degree—Measure 11), Count 3 (Theft in the Second Degree), Count 4 (Menacing) and Count 5 (Disorderly Conduct in the Second Degree), and will recommend: 70 months Oregon Dept. of Corrections; 5 years Post-Prison Supervision; Unitary Assessment Fee; court appointed attorney fees; and restitution."

(Boldface omitted.) The petition also stated that defendant fully understood that "the actual sentence is up to the Court, no matter what any recommendations may be," and that defendant understood that the court could impose either

more or less time than called for in the presumptive grid block range.

During the hearing on defendant's plea agreement, defense counsel stated, "[Defendant] understands that Your Honor is not bound by negotiations with the state [and] could impose up to the maximum penalty." The court accepted defendant's guilty plea and sentenced defendant to 70 months of incarceration and five years of post-prison supervision, following the state's recommendation in the plea agreement. Defendant appeals, asserting that the trial court erred in sentencing him to an unlawfully long term of post-prison supervision.

Generally, we review a claim that the sentencing court failed to comply with the requirements of law in imposing a sentence for errors of law. ORS 138.222(4)(a); *see also State v. Skelton*, 153 Or App 580, 593, 957 P2d 585, *rev den*, 327 Or 448 (1998) (an unlawful sentence is an error of law). However, an assignment of error will not be considered on appeal unless the issue was preserved in the trial court. *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). We may consider an unpreserved error if it is an error of law that is apparent on the record. ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991).

> "Error is apparent when (1) the error is legal; (2) the legal point is obvious, meaning that it is not reasonably subject to dispute; and (3) the error appears on the face of the record, such that we need not go outside the record or choose between competing inferences to establish it."

*State v. Benson*, 246 Or App 262, 265-66, 265 P3d 58 (2011). But even if the error of law is apparent on the record, we still must articulate a reason for exercising our discretion to correct an unpreserved error. *Ailes*, 312 Or at 382.

Defendant asserts that the trial court erred in sentencing him to five years of post-prison supervision because the maximum term of post-prison supervision for his conviction is three years. The length of post-prison supervision depends on the seriousness category of the most serious crime of conviction. OAR 213-005-0002(2). As pertinent to

defendant's robbery conviction, the term of post-prison supervision for Crime Category 9 is three years, OAR 213-005-0002(2)(a), and, under ORS 161.605(2), the maximum indeterminate sentence for that Class B felony is 10 years, *see* ORS 164.405(2) ("Robbery in the second degree is a Class B felony."); OAR 213-005-0002(4) ("The term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction."). By sentencing defendant to 70 months in prison and five years of post-prison supervision, the trial court's sentence of 130 months was unlawful and exceeded the maximum indeterminate sentence of 120 months. In other words, defendant's sentence was an error of law that is apparent on the record.

Nonetheless, the state responds that, under ORS 138.222(2)(d), defendant's sentence is unreviewable. ORS 138.222(2)(d) provides that we may not review "[a]ny sentence resulting from a stipulated sentencing agreement between the state and the defendant which the sentencing court approves on the record." For the state's argument to succeed, the agreement between defendant and the state must qualify as a "stipulated sentencing agreement" under ORS 138.222(2)(d). We conclude that it does not.

The Supreme Court addressed what the legislature intended by adopting ORS 138.222(2)(d) in *State v. Kephart*, 320 Or 433, 441, 887 P2d 774 (1994). The court noted, "[I]t is clear that the phrase, 'stipulated sentencing agreement,' defines a narrower class of agreements than one that would include all possible agreements." The court turned to the statutory context and stated that ORS 135.407 describes several ways in which the state and a defendant may stipulate to a sentence.[1] *Id.* at 441-42. The court stated that "[t]he context

---

[1] ORS 135.407 provides:

"In cases arising from felonies committed on or after November 1, 1989:

"(1) Whenever a plea agreement is presented to the sentencing judge, the defendant's criminal history classification, as set forth in the rules of the Oregon Criminal Justice Commission, shall be accurately represented to the trial judge in the plea agreement. If a controversy exists as to whether a prior conviction or juvenile adjudication should be included in the defendant's criminal history, or as to its classification under rules of the Oregon Criminal Justice Commission, the district attorney and the defendant may stipulate to the inclusion, exclusion or classification of the conviction or adjudication as part of the plea agreement subject to approval of the court.

of the statute, including the examples of stipulated sentencing agreements in ORS 135.407, confirms that the legislature intended to narrow the class of agreements that would preclude judicial review." *Id.* at 442. Based on the legislative history, the court explained that the intent of the statute is to "permit appellate review of 'illegal' sentences, unless the defendant agreed to that sentence ahead of time as part of a 'stipulated sentencing agreement.'" *Id.* at 445. The court went on to say:

> "If the review of a sentence is denied whenever an agreement between the defendant and the state tangentially relates to sentencing, then the limitations in the state sentencing guidelines become unenforceable after any plea agreement. We know from the legislative history of ORS 138.222(2)(d) (1993) that the legislature did not intend to permit that outcome."

*Id.* at 447 (emphasis omitted). The court therefore held that the legislature intended ORS 138.222(2)(d) to allow review of sentences unless they were "stipulated sentences" as illustrated in ORS 135.407. *Id.*

The agreement in this case is not the type of stipulated sentence of which the legislature intended to deny

---

"(2) The district attorney and the defendant may stipulate to the grid block classification within the sentencing guidelines grid established by the rules of the Oregon Criminal Justice Commission that will provide the presumptive sentence range for the offender. The sentencing judge may accept the stipulated classification and impose the presumptive sentence provided in the rules of the Oregon Criminal Justice Commission for that grid block.

"(3) If the district attorney and the defendant stipulate to a grid block classification within the sentencing guidelines grid, and the sentencing judge accepts the stipulated classification but imposes a sentence other than the presumptive sentence provided by rules of the Oregon Criminal Justice Commission, the sentence is a departure sentence and is subject to rules of the Oregon Criminal Justice Commission related to departures.

"(4) The district attorney and defendant may stipulate to a specific sentence within the presumptive range provided by rules of the Oregon Criminal Justice Commission for the stipulated offender classification. If the sentencing judge accepts the plea agreement, the judge shall impose the stipulated sentence.

"(5) The district attorney and the defendant may stipulate to a sentence outside the presumptive sentence range for a stipulated grid block classification. The sentencing judge may accept an agreement for an optional probationary sentence or a departure sentence as provided in rules of the Oregon Criminal Justice Commission."

review. Each subsection of ORS 135.407 requires the district attorney and the defendant to stipulate to the specific sentence, but defendant's guilty plea does not state that it was a stipulated sentencing agreement, nor did it contain the word "stipulate." The cases that the state cites are distinguishable because, in each of them, there was a specific stipulation between the defendant and the state. *See State v. Ivie*, 213 Or App 198, 203, 159 P3d 1257 (2007) (The prosecutor informed the trial court, " 'We have a stipulated plea agreement * * *.' "); *Blackledge v. Morrow*, 174 Or App 566, 571, 26 P3d 851, *rev den*, 332 Or 558 (2001) (the petitioner stipulated to a 65-month sentence); *State v. Upton*, 132 Or App 579, 581, 889 P2d 376, *rev den*, 320 Or 749 (1995) (the defendant stated in the plea agreement, "I am stipulating to a life sentence without the possibility of release or parole * * *.' "); *State v. Adams*, 315 Or 359, 363, 847 P2d 397 (1993) (stipulated sentence). ORS 138.222(2)(d) does not preclude review by this court.

Thus, the error in this case meets the test of plain error because it is legal, the legal point is not reasonably subject to dispute, and the error appears on the face of the record. *Benson*, 246 Or App at 265-66. But even though it meets that test, we must still decide whether to exercise our discretion to correct the error. In *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007), the Supreme Court held that we had abused our discretion in reaching the defendant's unpreserved claim of error and stated that some of the factors we may consider include:

> "(1) defendant's apparent encouragement of the judge's choice; (2) the role of the concurrent, permissible 36-month probationary sentence; (3) the possibility that defendant made a strategic choice not to object to the sentence; and (4) the interest of the judicial system in avoiding unnecessary repetitive sentencing proceedings, as well as its interest in requiring preservation of error."

Several of those factors are applicable here. The plea agreement was consistent with the sentence the court imposed. Defendant signed the plea agreement indicating that he understood the agreement. Defendant acknowledges that the parties jointly recommended to the court that it impose the sentence that was imposed. Under those circumstances,

defendant encouraged the judge to consider imposing this sentence by agreeing to the plea. It is possible that defendant made a strategic choice not to object to this sentence. *Cf. State v. Capri*, 248 Or App 391, 395, 273 P3d 290 (2012) (exercising discretion to review an unpreserved assignment of error when there was no mention of post-prison supervision in the plea petition and "post-prison supervision was mentioned for the first time when the court announced defendant's sentence"). Defendant obtained a significant benefit by entering into this plea agreement: A Ballot Measure 11 count and three misdemeanor counts were dismissed. Defendant is in a poor position to complain about the agreement that he made. *State v. Quintero*, 160 Or App 614, 621, 982 P2d 543 (1999). Based on the record before us, we conclude that this is not a case in which we should exercise our discretion to correct the error.

Affirmed.