*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

Submitted August 17, 2022, remanded for entry of a judgment omitting provision prohibiting defendant from possessing firearms or ammunition pursuant to ORS 166.255 and ORS 166.250, otherwise affirmed July 26, petition for review allowed December 7, 2023  (371 Or 511)
See later issue Oregon Reports

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN HATCHMAN MULLIN IV,
*Defendant-Appellant.*

Lane County Circuit Court
20CR36687; A174750

Charles D. Carlson, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna Belais, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Remanded for entry of a judgment omitting provision prohibiting defendant from possessing firearms or ammunition pursuant to ORS 166.255 and ORS 166.250; otherwise affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for menacing constituting domestic violence, ORS 163.190, and harassment constituting domestic violence, ORS 166.065, that imposed a probation condition prohibiting him from possessing firearms or ammunition under ORS 166.255 and ORS 166.250. In his two assignments of error, defendant contends that the trial court erred in imposing the condition because neither crime is a "qualifying misdemeanor" under ORS 166.255 that prohibits him from possessing firearms or ammunition. As explained below, we remand for entry of a corrected judgment omitting the challenged provision and we otherwise affirm.

"We review the application of sentencing law for legal error." *State v. Nobles*, 306 Or App 1, 2, 473 P3d 1108 (2020).

We accept the state's concession as to the first assignment of error and agree that menacing, ORS 163.190, is not a "qualifying misdemeanor" as defined by ORS 166.255(3)(e) because "the use or attempted use of physical force or the threatened use of a deadly weapon" is not an element of the crime. *See* ORS 163.190(1) ("A person commits the crime of menacing if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury.").

Regarding the second assignment of error, we agree with defendant that harassment, ORS 166.065, is not a "qualifying misdemeanor" under ORS 166.255. *See State v. Eggers*, 326 Or App 337, 339, 532 P3d 518 (2023) (holding that because "the use or attempted use of physical force or the threatened use of a deadly weapon" is not an element of the misdemeanor of harassment, a conviction for the crime is not a "qualifying misdemeanor" that triggers the firearm prohibition under ORS 166.255 (quoting ORS 166.255(1)(b), (3)(e))). Therefore, we conclude that the trial court erred as a matter of law.

Remanded for entry of a judgment omitting provision prohibiting defendant from possessing firearms or

ammunition pursuant to ORS 166.255 and ORS 166.250; otherwise affirmed.