No. 36　　　　　October 24, 2024　　　　　809

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Petitioner on Review,*

*v.*

JOHN HATCHMAN MULLIN IV,
*Respondent on Review.*

(CC 20CR36687) (CA A174750) (SC S070420)

En Banc

On review from the Court of Appeals.*

Argued and submitted May 9, 2024.

Colm Moore, Assistant Attorney General, Salem, argued the cause and filed the briefs for petitioner on review. Also on the briefs were Ellen Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Sara F. Werboff, Deputy Public Defender, Office of Public Defense Commission, Salem, argued the cause and filed the briefs for respondent on review. Also on the briefs was Ernest G. Lannet, Chief Defender.

PER CURIAM

The decision of the Court of Appeals is affirmed in part and vacated in part, and the case is remanded to the Court of Appeals for further consideration in light of *State v. Eggers*, 372 Or 789, ___ P3d ___ (October 24, 2024).

_____
* Appeal from Lane County Circuit Court,Charles D. Carlson, Judge. 327 Or App 319 (2023) (nonprecedential memorandum opinion).

*State v. Eggers*

*Eggers*
*Held*


*State v. Eggers*

## PER CURIAM

This criminal case presents the same issue that we resolved today in *State v. Eggers*, 372 Or 789, ___ P3d ___ (October 24, 2024), involving whether the misdemeanor crime of harassment that involves subjecting another person to offensive physical contact, ORS 166.065(1)(a)(A), constitutes a "qualifying misdemeanor" under the unlawful possession of a firearm statute, ORS 166.255. The Court of Appeals in this case concluded that the trial court had erred in imposing the firearms prohibition for defendant's harassment conviction, citing its own decision in *Eggers* that had concluded that harassment was not a "qualifying misdemeanor." *State v. Mullin*, 327 Or App 319, 320-321 (2023) (nonprecedential memorandum opinion) (citing *State v. Eggers*, 326 Or App 337, 344, 532 P3d 518 (2023)). Today, however, we reversed the Court of Appeals decision in *Eggers*, concluding instead that harassment is a qualifying misdemeanor under ORS 166.255. *Eggers*, 372 Or at 808. We therefore vacate the decision of the Court of Appeals in this case, in part, and remand to that court for further consideration.[1]

The decision of the Court of Appeals is affirmed in part and vacated in part, and the case is remanded to the Court of Appeals for further consideration in light of *State v. Eggers*, 372 Or 889, ___ P3d ___ (October 24, 2024).

---

[1]  Defendant raised an additional assignment of error in the Court of Appeals that is not at issue before us on review. In the Court of Appeals, defendant argued that his conviction for menacing under ORS 163.190 was not a "qualifying misdemeanor" under ORS 166.255. *State v. Mullin*, 327 Or App 319, 320 (2023) (nonprecedential memorandum opinion). The state conceded that menacing was not a qualifying misdemeanor, and the Court of Appeals accepted that concession. *Id*. In the state's petition for review before this court, the state did not challenge that holding. Accordingly, we affirm that part of the Court of Appeals decision.