634 December 11, 2024 No. 883

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BAILEY ROBERT FRANCIS LANE,
*Defendant-Appellant.*

Lane County Circuit Court
23CR29877; A182116

Karrie K. McIntyre, Judge.

Submitted October 22, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Defendant appeals a judgment of conviction for menacing constituting domestic violence, ORS 163.190, and harassment constituting domestic violence, ORS 166.065. The judgment of conviction contains probation conditions that prohibit defendant from possessing firearms or ammunition under ORS 166.255, which provides, in part, that "[i]t is unlawful for a person to knowingly possess a firearm or ammunition if * * * [t]he person has been convicted of a qualifying misdemeanor[.]" For purposes of that prohibition, a "qualifying misdemeanor" is one that "has, as an element of the offense, the use or attempted use of physical force." ORS 166.255(3)(e). In two assignments of error, defendant contends that the trial court plainly erred in imposing the firearm prohibition because neither harassment nor menacing is a qualifying misdemeanor under ORS 166.255.

Since this case was briefed and submitted, the Supreme Court decided *State v. Eggers*, 372 Or 789, 791, 558 P3d 830 (2024), holding that the crime of harassment, which involves subjecting another person to offensive physical contact, ORS 166.065(1)(a)(A), is a qualifying misdemeanor under the firearm prohibition. Accordingly, the trial court did not err in prohibiting defendant from possessing firearms or ammunition because of his harassment conviction.

As for the crime of menacing, a person commits that crime if, "by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury." ORS 163.190(1). We need not decide whether the trial court plainly erred in prohibiting defendant from possessing firearms or ammunition for menacing because we decline to exercise our discretion to correct any plain error. *See State v. Wiltse*, 373 Or 1, 10, ___ P3d ___ (2024) (explaining that even if there is a plain error, whether we will correct the error involves an exercise of discretion).

In *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007), the factors the Supreme Court considered in deciding that an exercise of discretion was not appropriate included:

"(1)  defendant's apparent encouragement of the judge's choice; (2) the role of the concurrent, permissible 36-month

probationary sentence; (3) the possibility that defendant made a strategic choice not to object to the sentence; and (4) the interest of the judicial system in avoiding unnecessary repetitive sentencing proceedings, as well as its interest in requiring preservation of error."

Many of those factors are applicable here. Defendant was initially charged with the more serious offense of felony strangulation, but he pleaded guilty to the misdemeanor offenses of menacing and harassment. The parties proposed a "jointly recommended sentence" that included the firearm prohibition "to the extent applicable," and it is now clear that the firearm prohibition applies to defendant's conviction for harassment. At the plea hearing, the trial court asked whether "it is contemplated that this is a crime that qualifies under the firearm ammunition surrender," the prosecutor responded, "[t]hat's part of the negotiation," and defendant did not object. Because defendant encouraged the judge's choice, was involved in negotiating the plea deal, and likely made a strategic choice not to object to the sentence, those factors weigh against exercising our discretion to correct any error. *See State v. Nolasco-Lara*, 249 Or App 111, 116-17, 274 P3d 880, *rev den*, 352 Or 342 (2012) (declining to exercise our discretion to correct plain error in sentencing for similar reasons).

Furthermore, in defendant's judgment of conviction, the trial court imposed the firearm prohibition for both menacing and harassment. Under *Eggers*, 372 Or at 791, it was not an error to do so for harassment. As a result, remanding the case for resentencing and requiring the trial court to amend the judgment to omit the firearm prohibition for menacing would have "no real, practical effect" on defendant. *Fults*, 343 Or at 523. Admittedly, the burden on the judicial system in requiring the trial court to make that change would be minimal, but it is unnecessary where defendant remains subject to the same firearm prohibition based on his conviction for harassment. For each of those reasons, we decline to exercise our discretion to correct the trial court's plain error, if any.

Affirmed.