784 April 16, 2025 No. 346

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN HATCHMAN MULLIN IV,
*Defendant-Appellant.*

Lane County Circuit Court
20CR36687; A174750

On remand from the Oregon Supreme Court, *State v.
John Hatchman Mullin IV,* 372 Or 809, 558 P3d 829 (2024).

Charles D. Carlson, Judge.

Submitted remand December 5, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate
Section, and Anna Belais, Deputy Public Defender, Office of
Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman,
Solicitor General, and Colm Moore, Assistant Attorney
General, filed the brief for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge,
and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

This criminal case is on remand from the Supreme Court for reconsideration of our decision in *State v. Mullin*, 327 Or App 319 (2023) (nonprecedential memorandum opinion) (*Mullin I*), in light of *State v. Eggers*, 372 Or 789, 558 P3d 830 (2024).

Defendant was convicted of menacing constituting domestic violence, ORS 163.190, and harassment constituting domestic violence, ORS 166.065. *Mullin I,* 327 Or App at 320. The trial court "imposed a probation condition prohibiting [defendant] from possessing firearms or ammunition under ORS 166.255 and ORS 166.250." *Id.* After accepting the state's concession that menacing, ORS 163.190, is not a "qualifying misdemeanor" as defined by ORS 166.255(3)(e), we concluded that harassment, ORS 166.065, is not a "qualifying misdemeanor" under ORS 166.255 and remanded "for entry of judgment omitting provision prohibiting defendant from possessing firearms or ammunition pursuant to ORS 166.255 and ORS 166.250[.]" *Id.* at 320-21. We otherwise affirmed. *Id.* at 321.

The Supreme Court affirmed our decision with respect to defendant's conviction under ORS 163.190 and remanded with respect to ORS 166.065. *State v. Mullin*, 372 Or 809, 811, 811 n 1, 558 P3d 829 (2024) (*Mullin II*). As a consequence, on remand, we address only defendant's second assignment of error, which challenges the probation condition based on his conviction for harassment constituting domestic violence, ORS 166.065.[1] Under *Eggers*, we affirm. We otherwise adhere to our previous disposition.

"We review sentencing decisions for legal error." *State v. Tison*, 292 Or App 369, 372, 424 P3d 823, *rev den*, 363 Or 744 (2018).

As noted above, defendant was convicted under ORS 166.065. He stipulated to the following facts:

"[D]efendant on or about June 25, 2020, in Lane County, Oregon did unlawfully and intentionally harass and annoy

---

[1] Under ORS 166.065(1)(a)(A), "[a] person commits the crime of harassment if the person intentionally *** [h]arasses or annoys another person by *** [s]ubjecting such other person to offensive physical contact."

[the victim] by subjecting [the victim] to offensive physical contact \*\*\* [and] that constituted domestic violence."

At sentencing, the court informed defendant that "pursuant to ORS 166.255, as a result of this conviction, you no longer are allowed to knowingly possess firearms or ammunition." The trial court then entered a judgment of conviction sentencing defendant to probation for the harassment conviction and "prohibited [defendant] from possessing firearms or ammunition pursuant to ORS 166.255 and 166.250."

In our original opinion, we concluded that the trial court erred in imposing the probation condition because "harassment, ORS 166.065, is not a 'qualifying misdemeanor' under ORS 166.255." *Mullin I*, 327 Or App at 320. On review, the Supreme Court determined that defendant's petition "present[ed] the same issue that [it] resolved \*\*\* in *State v. Eggers*, 372 Or 789, 558 P3d 830 (2024)," and "affirmed in part," "vacated in part," and remanded. *Mullin II*, 372 Or at 811.

We conclude that the trial court did not err. In *Eggers*, the Supreme Court explained:

"ORS 166.255 provides, in part, that 'it is unlawful for a person to knowingly possess a firearm or ammunition if \*\*\* [t]he person has been convicted of a qualifying misdemeanor and, at the time of the offense, the person was \*\*\* [a] family or household member of the victim of the offense.' For purposes of that prohibition, a 'qualifying misdemeanor' is one that 'has, as an element of the offense, the use or attempted use of physical force.' ORS 166.255(3)(e)."

372 Or at 791. After considering the text, context, and legislative history of ORS 166.255, the Supreme Court concluded that "the term 'physical force' in ORS 166.255(3)(e) covers offensive physical contact. Thus, harassment as defined by ORS 166.065(1)(a)(A) is a qualifying misdemeanor for purposes of ORS 166.255." *Id.* at 808. Here, defendant stipulated that he "did unlawfully and intentionally harass and annoy [the victim] by subjecting [the victim] to offensive physical contact" and the trial court found defendant guilty of harassment constituting domestic violence, ORS 166.065. As a consequence, the trial court did not err when it prohibited defendant "from possessing firearms or ammunition"

under ORS 166.255 because of his harassment conviction. *See State v. Lane*, 336 Or App 634, 636, 561 P3d 1164 (2024) ("[I]n [the] defendant's judgment of conviction, the trial court imposed the firearm prohibition for both menacing and harassment. Under *Eggers*, 372 Or at 791 *** it was not an error to do so for harassment.").

Affirmed.