130 June 4, 2025 No. 504

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KYLE ADAM McCORMICK,
*Defendant-Appellant.*

Lane County Circuit Court
21CR11681; A178431

On remand from the Oregon Supreme Court, *State v. McCormick*, 373 Or 212, 563 P3d 968 (2025).

Charles D. Carlson, Judge.

Submitted on remand February 26, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

This criminal case is on remand from the Supreme Court for reconsideration in light of its decision in *State v. Eggers*, 372 Or 789, 558 P3d 830 (2024). Defendant was convicted of harassment constituting domestic violence, ORS 166.065, and the trial court entered an order prohibiting him from possessing firearms or ammunition under ORS 166.255. Defendant appealed that order, arguing that harassment is not a qualifying misdemeanor for purposes of the firearm prohibition contained in ORS 166.255. Relying on this court's decision in *State v. Eggers*, 326 Or App 337, 351, 532 P3d 518 (2023), *rev'd*, 372 Or 789, we agreed. *State v. McCormick*, 329 Or App 338 (2023) (nonprecedential memorandum opinion), *vac'd by* 373 Or 212, 563 P3d 968 (2025). Following our decision in the instant case, the Supreme Court reversed our decision in *Eggers*, concluding that harassment is a qualifying misdemeanor for purposes of the firearm prohibition. 372 Or at 808. That court remanded the instant case for reconsideration in light of that decision. *McCormick*, 373 Or 212 (citing *Eggers*, 372 Or 789).

Consistent with the Supreme Court's decision in *Eggers*, we conclude that the trial court did not err when it prohibited defendant from possessing firearms under ORS 166.255 because of his harassment conviction. *See State v. Lane*, 336 Or App 634, 636, 561 P3d 1164 (2024) ("[I]n [the] defendant's judgment of conviction, the trial court imposed the firearm prohibition for both menacing and harassment. Under *Eggers*, 372 Or at 791, it was not an error to [impose the firearm prohibition] for harassment.").[1]

Affirmed.

---

[1] Citing *New York State Rifle & Pistol Assn., Inc. v. Bruen*, 597 US 1, 142 S Ct 2111, 213 L Ed 2d 387 (2022), defendant also contends that the trial court plainly erred in not concluding ORS 166.255 was a facially unconstitutional infringement on his Second Amendment rights. Because it is not beyond dispute that ORS 166.255 is facially unconstitutional, we reject that argument. *See United States v. Rahimi*, 602 US 680, 700, 144 S Ct 1889, 219 L Ed 351 (2024) ("[W]e have no trouble concluding that Section 922(g)(8) [the federal prohibition on the possession of firearms by individuals subject to a domestic violence restraining order] survives *** [a] facial challenge. Our tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others."); *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) ("For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences.").